J. E. ROBINSON, Constable, v. S. S. FIX.

151 So. 512.

Opinion Filed December 6, 1933.

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the Plaintiff in Error;

*Robert T. Dewell,* for Defendant in Error.

WHITFIELD, J.—In habeas corpus proceedings in the Circuit Court for Polk County, the defendant in error here was discharged from custody on a charge made before a justice of the peace that he "being a resident of the State of Florida within the motor vehicle law of the State," unlawfully operated an automobile without registration and a license, the defense being that he was a non-resident of the State of Florida and not subject to the license statute which exempts from its operation "a motor vehicle owned by a non-resident of this State, other than a foreign corporation doing business in this State." On writ of error taken under the statute the matter to be determined is whether S. S. Fix was a non-resident of the State of Florida within the meaning and intent of Section 1293 (1020), Compiled General Laws, when he was charged with violating that statute.

The stipulation contains the following:

"1. That S. S. Fix is a citizen of the State of Indiana."

"3. That S. S. Fix is employed in the State of Indiana in the canning business for approximately five months each year and is likewise employed in the canning industry in the State of Florida and County of Polk for approximately five months each and every year and resides in each State while he is so employed, he spending the two months when unemployed for the most part in the State of Indiana."

"6. That S. S. Fix arrives in the State of Florida approximately December 1st of each year and remains in the State of Florida continuously until April 1st of the following year."

In executing the statute the State authorities have interpreted it to apply to petitioner and others in like situation. Unless such interpretation is clearly wrong it will be regarded by the courts as being of great persuasive force and efficacy. Bloxham, Comp., v. Con. E. L. & R. R. Co., 36 Fla. 519, 18 So. 444; 51 A. L. R. 44; Amos v. Moseley, 74 Fla. 555, 77 So. 619; State, *ex rel.* Comfort, *et al.*, v. Leatherman, 99 Fla. 899, 128 So. 21. Faucus Machine Co. v. United States, 282 U. S. 375, 51 Sup. Ct. 144, 75 L. Ed. 397; United States v. Minnesota, 270 U. S. 181, 46 Sup. Ct. 298, 70 L. Ed. 539; United States v. Jackson, 280 U. S. 183, 50 Sup. Ct. 143, 74 L. Ed. 361; Cerecedo Hermanos y Compania, 209 U. S. 337, 52 Law Ed. 821.

"Under the law all real and personal property in the State, not expressly exempted therefrom, is subject to taxation, and all laws exempting property from taxation should receive a strict construction, and no property should be held to be within the exemption unless it is clearly within the terms of the statute granting immunity from taxation." Rast v. Hulvey, 77 Fla. 74, 75, 80 So. 750; 61 C. J. 393; 37 C. J. 237.

"Those who seek shelter under an exemption law must

present a clear case, free from all doubt, as such laws, being in derogation of the general rule, must be strictly construed against the person claiming the exemption and in favor of the public." 17 R. C. L., p. 522, Sec. 42.

See also Camas Stage Co., Inc., v. Kozer, 104 Or. 600, 209 Pac. 95, 25 A. L. R. 27, H. N. 10; 1 Cooley, Taxation, 3rd Ed., p. 356; 1 Blashfield, Cyclopedia of Automobile Law, p. 74, Sec. 7.

"Any place or abode or dwelling place constitutes a residence, however temporary it may be, while the term domicile relates rather to the legal residence of a person, or his home in contemplation of law. As a result one may be a resident of one jurisdiction although having a domicile in another." Warren v. Warren, 73 Fla. 746, text 785, 75 So. 35, L. R. A. 1917 E 490; 9 R. C. L. 539; 19 C. J. 395.

" 'Residence' simply indicates place of abode whether permanent or temporary, whereas 'domicile' denotes fixed, permanent residence to which when absent one intends to return."

"Terms 'domicile' and 'residence,' though frequently used synonymously, are not when accurately used convertible terms; 'domicile' being a more extensive signification as it includes beyond mere physical presence and particular locality positive or presumptive proof of intention to constitute it a permanent abiding place, whereas 'residence' has more limited, precise, and local application than 'domicile,' which is used more in reference to personal rights, duties, and obligations." Minick v. Minick, 111 Fla. 469, 149 So. 483, headnote 7.

"A person may be a resident of more than one State for the purposes pertaining to the registration of motor vehicles." Morse v. Lask Motor Co., 107 Conn. 137, 139 Atl. 637, headnote 2.

In defining the exemption from the operation of the motor vehicle license provisions extended to "a motor vehicle owned by a non-resident of this State," the statute had reference to *residence* and not to citizenship or domicile. Automobiles are used on the public highways which are constructed and maintained at great expense by the State and its governmental units; and to maintain such highways license and other taxes are imposed upon the operation of such motor vehicles on the highways in the State. The license period may be for an entire year. Kane v. New Jersey, 242 U. S. 160, 37 Sup. Ct. 30, 61 Law. Ed. 222. Mr. Fix may be a citizen of or have his domicile in another State and yet, during the five months he is employed in this State each year, be a *resident* of Florida within the meaning and intent of the statute. He is not a mere visitor for a short period, but engages in business while residing in Florida each year. If he is employed in and resides in the State five months each year as he stipulates, he has all the privileges of using his automobile on the highways in the State as other residents have during the license period.

It is stipulated that he is employed in Indiana "for approximately five months each year and is likewise employed in * * * Florida * * * for approximately five months each and every year and *resides* in each State while he is so employed, he spending the two months when unemployed for the most part in the State of Indiana." He was charged in March, 1933, with violating the State statute during the period in which he was employed in and residing in Florida. When Mr. Fix was charged with violating the statute he was a resident and not "a non-resident of this State" within the meaning of Section 1293 (1020), Compiled General Laws, which exempts from the license provisions of the

motor vehicle regulation statutes "a motor vehicle owned by a non-resident of this State."

Reversed.

. TERRELL and BROWN, J. J., concur.

. ELLIS and BUFORD, J. J., dissent.

DAVIS, C. J., disqualified.

BUFORD, J. (dissenting).—The defendant in error being under arrest, charged with violating the law of Florida by operating an automobile on the public highways of this State without having procured a State license tag for the year 1933, sued out writ of habeas corpus. On return being made, a stipulation of facts was entered into between the parties and upon this stipulation the cause was presented to the circuit judge and thereupon the court entered an order and judgment discharging the petitioner from custody. To this judgment writ of error was sued out.

The stipulation is as follows:

"1. That S. S. Fix is a citizen of the State of Indiana.

"2. That by occupation the said S. S. Fix is an expert in the operation of canning machinery and in the operation of canneries.

"3. That S. S. Fix is employed in the State of Indiana in the canning business for approximately five months each year and is likewise employed in the canning industry in the State of Florida and County of Polk for approximately five months each and every year and resides in each State while he is so employed, he spending the two months when unemployed for the most part in the State of Indiana.

"4. That S. S. Fix is the owner of property located in the State of Indiana which property remains in the State of Indiana with the exception of certain personal effects and an automobile which he brings with him each year to

the State of Florida, and keeps with him and uses when in the State of Florida.

"5. That S. S. Fix owns a motor vehicle, to-wit: an automobile and he for the year 1933 complied with the provisions of the laws of the State of Indiana relative to motor vehicles and the operation thereof and that he conspicuously displays his Indiana registration number on his motor vehicle as required by the laws of the State of Indiana.

"6. That S. S. Fix arrives in the State of Florida approximately December 1st of each year and remains in the State of Florida continuously until April 1st of the following year.

"7. That S. S. Fix did operate on March 4, 1933, in Polk County, Florida, the said automobile over and upon the public highways of the State of Florida, he not having first registered the said motor vehicle with the Motor Vehicle Commissioner of the State of Florida, and without the said automobile then and there having a number assigned to it by the Commissioner of Motor Vehicles of the State of Florida, conspicuously displayed on a metal plate attached to the rear end of such automobile, he the said S. S. Fix having secured no license plate issued by the State of Florida or its officers.

"8. That the above styled cause be submitted to the Court upon the pleadings and the above stipulations of facts in lieu of testimony."

Section 1020, R. G. S., 1293 C. G. L., is as follows:

"Registration not to apply to non-residents. — The provisions of the foregoing sections relative to registration and display of registration numbers shall not apply to a motor vehicle owned by a non-resident of this State, other than a foreign corporation doing business in this State; Provided,

that the owner thereof shall have complied with the pro-
visions of the law of the foreign Country, State, Territory
or Federal district of his residence, relative to motor vehicles
and the operation thereof, and shall conspicuously display
his registration number as required thereby. But such ex-
emption shall not apply to motor vehicles operated for hire;
Provided, that boards of county commissioners may them-
selves or in conjunction with municipalities, provide and
install scales or weighing machine for the purpose of weigh-
ing motor vehicles, trailers or semi-trailers and their loads.
(Ch. 7275, Acts 1917, No. 15; Ch. 10182, Acts 1925, No. 6;
Ch. 10187, Acts 1925, No. 2; Ch. 12096, Acts 1927, No. 1.)"

The registration referred to in this section is that which
the petitioner was charged with having failed to accomplish.

It is contended here that because the petitioner was en-
gaged in a gainful occupation in Florida as stated in the
stipulation he should be held to be required to comply with
the automobile registration and license tax law of this State
and it is further contended that it was the legislative intent
to require a non-resident occupying the status of petitioner
to comply with the automobile registration and license tax
laws of this State.

Section 5309, R. G. S., 7436, C. G. L., provides as follows:
"Failure to register motor vehicles—trailers, semi-trailers
and motorcycle sidecars.—Any person or persons who shall
operate or drive a motor vehicle, trailer, semi-trailer or
motorcycle side-car upon the highways of this State, without
first registering the same and paying the registration fee as
required by Article 1, Chapter IV, Title VI, First Division
of these Compiled General Laws, shall upon conviction be
fined not exceeding one hundred dollars or be imprisoned
in the county jail not exceeding three months, or be pun-
ished by both such fine and imprisonment in the discretion

of the court. (Ch. 7275, Acts 1917, No. 26, revised; Ch. 8410, Acts 1921, No. 13.)"

Section 5605, R. G. S., 7792 C. G. L., provides as follows: "Violation of regulation as to running motor vehicles, trailers and semi-trailers or motorcycle sidecars.—Any person or persons convicted of violating any of the provisions of Article 1, Chapter IV, Title VI, First Division of these Compiled General Laws, shall be fined not exceeding one hundred dollars, or be imprisoned in the county jail not to exceed three months, or be punished by both such fine and imprisonment in the discretion of the court. (Ch. 7275, Acts 1917, No. 26; Ch. 8410, Acts 1921, No. 14.)"

These latter sections must be taken in connection with the sections first quoted above and constitute penal statutes which must be strictly construed. Under the terms of the stipulation the petitioner falls within that class who are exempted from the operation of the statutes. If the Legislature intended for non-residents occupying the status of petitioner to be required to comply with the automobile registration and license tax laws the legislative Act should have been so drawn and construed as not to in terms exempt them from the provisions of such Acts.

The courts must construe the law as they find it and in the enforcement of penal statutes they cannot assume that the legislative intent was other than that which is expressed in the Act. It is not for the courts to determine the wisdom of the exemption, but the extent of it.