99 So.2d 867 (1957)
Ray E. GREEN, as Comptroller of the State of Florida, Appellant,
v.
STUCKEY's OF FANNING SPRINGS, Inc., a Florida corporation, Appellee.
Supreme Court of Florida.
December 13, 1957.
Rehearing Denied February 12, 1958.
Richard W. Ervin, Atty. Gen., and Fred M. Burns, Asst. Atty. Gen., for appellant.
James C. Gwynn, Tallahassee, for appellee.
ROBERTS, Justice.
On this appeal we are concerned with the interpretation of Sec. 212.08(1), Fla. Stat. 1955, F.S.A., exempting "general groceries" from the sales tax imposed by Ch. 212, Fla. Stat. 1955 F.S.A. This statute, insofar as here pertinent, reads as follows:
"The sale at retail, * * * of the following tangible personal property is hereby specifically exempt from the tax imposed by this chapter.
"(1) General groceries, including particularly food and food products, milk, * * * vegetables and vegetable juices, fruit and fruit juices, canned foods, * * * also candy where the price at which the same is sold is twenty-five cents or less. `Food products' as used herein shall mean and include * * * milk and milk products, * * * fruit and fruit products, * * *; but shall not include meals, packaged lunches or sandwiches prepared or sold in or by restaurants, drug stores, lunch counters, cafeterias, hotels, or other like places of business, or by any business or place licensed by the hotel and restaurant commission of the state."
The appellee corporation operates a retail store where various items of merchandise *868 are sold at retail, including fruit and vegetable juices, milk and milk products, such as ice cream, sandwiches that are made and packaged on the premises, and other packaged edibles. It is required to be licensed by the Hotel and Restaurant Commission. The instant suit was filed by it against the appellant, as Comptroller of the State of Florida, for a decree declaratory of its rights under Sec. 212.08(1), supra, to sell such food products (other than sandwiches) without collecting from the purchaser the sales tax prescribed by Ch. 212, supra, and accounting to the Comptroller therefor. The lower court entered its decree declaring that sales by the appellee of vegetables and vegetable juices, fruit and fruit juices, milk and milk products, toasted and salted nuts, dates stuffed with plain pecan halves and rolled in sugar, and doughnuts, were exempt from the sales tax "notwithstanding the fact that the said business of the plaintiff is licensed by the Hotel and Restaurant Commission of the State, unless * * * served as part of a meal, or with packaged lunches or sandwiches prepared or sold by said place of business." The term "meal", as used in the statute, was construed by the lower court as including "any combination of a drink (other than water) with solid food such as a sandwich, doughnuts or pastry." The Comptroller has appealed from this decree.
Construing the words "general groceries" as definitive of the food and drink items specifically listed in the statute, the Comptroller has interpreted the Act as exempting such items from the tax only when sold for the table and for household use, and has required the dealer to collect the tax on sales of such items when made by the purchaser for immediate consumption on or near the premises where sold.
While not necessarily controlling, as where made without the authority of or repugnant to the provisions of a statute, the contemporaneous administrative construction of a statute by those charged with its enforcement and interpretation is entitled to great weight, and courts generally will not depart from such construction "except for the most cogent reasons, and unless clearly erroneous." Wilkes & Pittman v. Pittman, Fla. 1957, 92 So.2d 822, 825, and cases cited; Gay v. Canada Dry Bottling Co., Fla. 1952, 59 So.2d 788, 790.
The interpretation made by the Comptroller is not "clearly erroneous". The Legislature exempted "general groceries" from the tax; and "general groceries" have been defined as "general supplies for the table and for household use; household supplies for the table such as are dealt in by grocers, [such] as flour, sugar, spices, coffee, etc.; the commodities sold by grocers, * * *" 38 C.J.S., p. 1080. The Legislature must have used these words advisedly and to some purpose; and we do not think it is unreasonable to interpret them as the Comptroller has done. Clearly, a glass of orange juice or a milkshake, consumed at a drug store or eating place, is not within the common ordinary meaning of "general groceries"; and, just as clearly, an unopened can of frozen or canned orange juice, or a quart of milk in its original container, are commonly thought of as "general groceries". By his Rule 11, the Comptroller has preserved this distinction as to sales made by an eating place or other place of business required to be licensed by the Hotel and Restaurant Commission, so that there appears to be no discrimination between sales of "general groceries" made by a regular grocery store and those made by a dealer such as appellee. For many years, the taxes on sales such as those here in question have been collected by the Comptroller from other dealers, and the dealers have collected them from the consumers, apparently without complaint until the filing of the instant suit. In these circumstances, we find no "cogent reasons" for overthrowing the Comptroller's interpretation of the statutory provision in question.
*869 We are therefore compelled to hold that the able Chancellor erred in holding that the items of food and drink in question were exempt from the sales tax "unless served as part of a meal, or with packaged lunches or sandwiches prepared or sold by said place of business". Whenever such items are sold not in their original containers but for immediate consumption on or near the premises, they cannot be considered "general groceries" and thus are not exempt from the sales tax, regardless of whether they are "served as part of a meal, or with packaged lunches or sandwiches prepared or sold by said place of business".
For the reasons stated, the decree here reviewed is reversed and the cause remanded for further proceedings not inconsistent with the opinions herein expressed.
It is so ordered.
TERRELL, C.J., and THOMAS, DREW and O'CONNELL, JJ., concur.