RAWLS, Judge.
Florida Dairy Farmers Federation, an agricultural marketing cooperative association, who will be referred to as “producers”' sought to enjoin the Borden Company and Foremost Dairies, who will be referred to as “distributors” from the marketing of certain dairy products. Prior to filing any defenses, the distributors moved for a summary final decree, and the producers countered with a similar motion. The chancellor granted the distributors’ motion and entered a summary final decree in their favor. This appeal by the producers resulted.
We are not confronted with any factual disputes. Distributors are marketing dairy products in Florida labeled “chocolate milk”, “chocolate milk drink”, “chocolate drink”, “buttermilk” and “cultured buttermilk”. The producers contend that: (1) These milk products are made by a process of recombining or reconstructing in violation of Chapter 502, Florida Statutes, F.S.A. (2) If it is lawful for distributors to market recombined or reconstructed dairy products, same must be labeled as such. (3) It is unlawful to market “chocolate drink”, when made with milk products, since such a substance does not meet any definition contained in Chapter 502, Florida Statutes, F.S.A.
The chancellor in entering his final decree found that: 1. Administrative interpretation is entitled to substantial weight. 2. The prohibition against sale of recombined or reconstructed milk applies to “whole milk”. 3. The standards of definitions (referred to in § 502.02) do not require strict conformity with the statutory definition, but relate only to the “quality and wholesomeness” which the statute requires, and 4. The labeling as alleged did not violate § 502.03. We do not agree.
The administrative interpretation of long standing which was accorded considerable weight was to the effect that the making of milk products by a process of combining water with powdered milk *701 or powdered skimmed milk and other substances was not in violation of the statutory-prohibition against recombining or reconstructing milk. The general rule is that an administrative construction of a statute by the agency charged with the enforcement of the act and authorized to make reasonable rules and regulations, while not binding upon the courts, is accorded great persuasive force and efficacy, especially when established by long usage, provided the same is not repugnant to the clear intent of the act or in conflict with the constitution,[1]
Section 502.01 is entitled “Milk, Cream and Milk Products” and pertinent portions thereof which bear upon the issues are:
“ ‘Recombined or reconstructed milk’ is defined to be a substance produced by recombining any milk product or milk products with other milk products or with any other substance and which conforms in any manner to the requirements of milk. It is unlawful to sell recombined or reconstructed milk in the state. * * *
“ ‘Milk’ is defined to be whole, fresh, clean, lacteal secretion obtained by the complete milking of one or more healthy cows properly fed and kept * *
“ ‘Milk products’ shall mean milk fat, cream, blend of milk and cream, skimmed milk, chocolate milk, chocolate milk drink, buttermilk, cultured buttermilk, evaporated milk (unsweetened), condensed milk (sweetened), condensed skimmed milk, condensed skimmed milk (sweetened), powdered whole milk, powdered skimmed milk, low-fat or non-fat milk, butter * * *.
“ ‘Skimmed milk’ is defined to be milk from which practically all the butter fat has been removed.
“ 'Chocolate milk’ is defined to be whole or skimmed milk to which has been added in a sanitary manner a chocolate or cocoa syrup composed of wholesome ingredients and which contains not less than two per cent butterfat.
“ ‘Chocolate milk drink’ is defined as skimmed milk to which has been added in a sanitary manner a chocolate or cocoa syrup composed of wholesome ingredients and which contains not more than one per cent butterfat.
“ ‘Buttermilk’ is defined to be the product which remains when butter fat is removed from milk or cream, sweet or sour, in the process of churning, It contains not less than eight and five-tenths per cent of milk solids not fat.
“ ‘Cultured buttermilk’ is defined to be the product obtained by souring skimmed, or partially skimmed milk, by means of a suitable culture of lactic bacteria and churning. It contains not less than eight and five-tenth per cent of milk solids not fat. * * *
“ ‘Powdered whole milk’ is defined to be whole milk from which practically all the water has been removed, and which contains not less than twenty-six per cent of butter fat and not more than five per cent of moisture.
“ ‘Powdered skimmed milk’ is defined to be skimmed milk from which practically all the water has been removed, and which contains not more than five per cent of moisture.”
Section 502.02 provides in part:
“No person by himself or by his agents or servants, shall sell, offer for sale, expose for sale, or have in his possession with intent to sell, any product defined by this chapter that does not conform to the standard of the definitions of milk and milk products *702 contained in this chapter * * [Emphasis supplied.]
We will first discuss the products chocolate milk and chocolate milk drink. The producers by uncontroverted evidence proved that the distributors in manufacturing these products began with powdered skimmed milk combining therewith water, cream (if any), chocolate or cocoa syrup, resulting in the end product. The statute positively states that it is unlawful to sell recombined and reconstructed milk in this state—recombined milk is defined as combining milk products with other milk products [i. e. powdered milk] ■or any other substance [i. e. water]— milk is defined as the clean, lacteal secretion obtained by milking a cow—skimmed milk is defined as milk from which the butterfat has been removed. Consequently, in order to manufacture the defined product of chocolate milk the statute plainly states that one must begin with whole or skimmed milk, i. e. the clean, lacteal secretion obtained from milking a •cow, either with the butterfat or with the butterfat removed. Such is likewise true ■as to chocolate milk drink. It is unlawful to take powdered whole milk or powdered skimmed milk as defined by the statute and add water thereto and sell same in this state. The statute under consideration was •obviously enacted for the purpose of prohibiting the reconstruction of milk by adding water to the milk product, “powdered milk”, and selling same. This prohibition is just as mandatory to “colored” milk as it is to white milk. The courts have no authority to add to or take away from what the legislature has done.[2] Failure to enforce the law or to administer the law as established by the legislature does not effectuate a repeal of same.[3] The conclusion is inescapable that the distributors are violating the provision of the statute making it unlawful to sell “recombined and reconstructed” milk and until same is amended, repealed or held unconstitutional, such violation should and must be enjoined.
The conclusion reached by us with reference to chocolate milk and chocolate milk drink is likewise applicable to buttermilk. The statute says that buttermilk is produced from milk or cream by the process of churning. It is admitted that the cultured buttermilk being manufactured by these defendants is made by first using a powdered skimmed milk and through a biological process in which churning is not involved, produce the end product. The statute requires that in manufacturing this product those so engaged must use skimmed or partially skimmed milk and churn. It is elementary that if the statute means what it says, the distributors are violating same by using a product clearly defined by the statute as a milk product and combining same with another milk product or some other substance which conforms in some manner to the requirements of milk. In substance we hold that milk is milk and that “chocolate milk”, “chocolate milk drink”, “buttermilk” and “cultured buttermilk” in a substantial manner conform to the requirements of milk.
The product “chocolate drink” is produced by adding water, powdered milk, and flavored with cocoa or chocolate syrup in the production of the end product. Here again we are confronted initially with the milk product “powdered whole milk, or powdered skimmed milk.” The next step is to combine this milk product with another substance which results in an end product conforming in a substantial manner to the requirements of milk. It is elementary that if water is added to powdered milk regardless of the flavoring placed therein, the end product will conform in a substantial manner to milk. Regardless of what the product is labeled, it still has the essential qualities of milk and the sale thereof is prohibited by statute.
*703 Havmg reached the conclusion that the legislature has prohibited the sale of the subject products, we pretermit any consideration of appellant’s points pertaining to labeling and “defined products”.
Finally, we observe that this cause was decided upon the distributors’ motion for a summary final decree prior to their filing any defenses of any nature, and we note that at this stage of the cause, the constitutionality of the subject provisions of the statutes has not been challenged, which point will be available to distributors upon further trial of this cause.
Reversed and remanded with directions to the chancellor to proceed further in accordance with this opinion.
CARROLL, DONALD K., Acting Chief Judge, and WIGGINTON, J., concur.

. State ex rel. Bennett v. Lee, 123 Fla. 252, 166 So. 565 (1936); State ex rel. Fronton Exhibition Co. v. Stein, 144 Fla. 387, 198 So. 82 (1940); Green v. Stuckey’s of Fanning Springs, Inc., 99 So.2d 867 (Fla.App., 1957).

. Ervin v. Capital Weekly Post, 97 So.2d 404 (Fla.1957).

. See 1 Fla.Jur., Administrative Law, § 40.