QUESTION: Are officials and employees of the judicial branch of state government required to participate in collective bargaining pursuant to Ch. 74-100, Laws of Florida (the Public Employees Relations Act)?
SUMMARY: The employees of the judicial branch of state government are not required to participate in collective bargaining pursuant to Ch. 74-100, Laws of Florida [Part II, Ch. 447, F. s. (1974 Supp.)], the Public Employees Relations Act. However, Ch. 74-100 does apply to the employees of the judicial branch of state government. It is clear from the provisions of s. 447.201, F.S. (1974 Supp.), created by s. 3 of Ch. 74-100, Laws of Florida, that the applicability of the act does not require or in any way encourage or discourage organization of public employees. Also see s. 447.301(1), F.S. (1974 Supp.). Therefore, the answer to your question, as stated, is in the negative. However, I assume that it was also your intent to inquire whether Ch. 74-100, Laws of Florida, applies to the employees of the judicial branch of state government. Duly enacted statutes must be presumed valid, and it is the duty of administrative officials to give effect to such statutes until a court has ruled otherwise. Evans v. Hillsborough County, 186 So. 193 (Fla. 1938); State ex rel. Atlantic Coast Line R. Co. v. State Board of Equalization, 94 So. 681 (Fla. 1922). Therefore, my response to your intended inquiry is confined to the construction of Ch. 74-100, Laws of Florida, and the opinion herein expressed is confined to the terms of said presumptively valid statute. Section 447.203(2), F.S. (1974 Supp.), created by Ch. 74-100, Laws of Florida, broadly defines "public employer" to mean "the state . . . or (any) agency thereof which the commission determines has sufficient legal distinctiveness to properly carry out the functions of a public employer." Within this same subsection there is a proviso which states that: . . . the Board of Regents shall be deemed to be the public employer with respect to faculty and administrative and professional employees and for all other public employees within the state university system not otherwise determined by the commission as properly belonging to a statewide bargaining unit composed of State Career Service System employees; . . . . (Emphasis supplied.) You have suggested in your inquiry that the judicial branch does not come within the provisions of Ch. 74-100 due to its exemption from the Career Service System. See s. 110.051(2)(j), F.S. (1974 Supp.). However, it is a well-settled rule of statutory construction that where the enacting clause of a statute is general in its language and a proviso is afterwards introduced, the proviso is strictly construed and takes no case out of the general enacting clause which does not fall fairly within the terms of the proviso. It is to be limited to objects fairly within its terms. Futch v. Adams,36 So. 575 (Fla. 1904); Farrey v. Bettendorf, 96 So.2d 889 (Fla. 1957). Therefore, in my opinion, the reference to state career service employees in said proviso in s. 447.203(2), supra, does not limit or qualify the broad definition of public employer found therein and does not take employees of the judiciary out from the definition of public employees, s. 447.203(3), F.S. (1974 Supp.), nor from the terms employees and public employees as used in s.447.201, F.S. (1974 Supp.), read with s. 447.301, F.S. (1974 Supp.). Rather, the proviso applies solely to employees within the State University System as specified by the terms of the proviso. The legal consequence of this proviso is to make the Board of Regents the public employer of those employees of the several state universities designated in the proviso, and not to qualify or to effect any change or exception in the definition of public employees set forth in s. 447.203(3). The boards of trustees of the several community colleges are likewise made the public employers with respect to all employees of such colleges. Section447.203(3), F.S. (1974 Supp.), created by Ch. 74-100, Laws of Florida, broadly defines public employee to mean any person employed by a public employer which may here be considered to mean "the state." Section 447.203(2), F.S. (1974 Supp.). However, four specific exceptions to the definition of public employee are provided therein, including: (a) Those persons appointed by the governor or elected by the people, agency heads, members of boards and commissions, (b) Those persons holding positions by appointment or employment in the organized militia of the State, (c) Those individuals acting as negotiating representatives for employer authorities, (d) Those persons who are designated as managerial or confidential employees . . . . Under the rule of expressio unius est exclusio alterius, exceptions made in a statute give rise to a strong inference that no other exceptions are intended. Williams v. American Surety Co., 99 So.2d 877 (2 D.C.A. Fla., 1958); Biddle v. State Beverage Dept., 187 So.2d 65
(4 D.C.A. Fla., 1966); Ideal Farms Drainage District v. Certain Lands, 19 So.2d 234 (Fla. 1944); State ex rel. Judicial Qualifications Commission v. Rose, 286 So.2d 562 (Fla. 1973); Interlachen Lakes Estates, Inc. v. Snyder, 304 So.2d 433 (Fla. 1974). In such instances, exceptions will not be implied where the words of the statute are free from ambiguity. Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); State Road Dept. v. Levato,192 So.2d 35 (4 D.C.A. Fla., 1966), cert. discharged 199 So.2d 714
(Fla. 1967). I am, therefore, of the opinion that the provisions of s. 447.203(3), supra, are clear and no exceptions may be implied in addition to those expressly provided for therein. Employees of the judicial branch of state government do not fall within one of these express exceptions, and it therefore appears that the provisions of Part II, ss. 447.201-447.209,447.301-447.309, and 447.401-447.607, of Ch. 447, F.S. (1974 Supp.), apply to the employees of the judicial branch of state government. In construing the statutory definitions of public employer and public employee found in this act, I am guided by the rule of construction that words of common usage, when used in a statute, should be construed in their ordinary and plain meaning. In the absence of ambiguity, the plain meaning of the words used in a statute will not be disturbed. [See] 30 Fla. Jur. Statutes ss. 81, 87 (1974 Edition). The plain meaning of the terms used by the Legislature to define public employer and public employee gives a very broad application to these terms covering all public employees not specifically exempted from these definitions. Moreover, the use by the Legislature of a comprehensive term ordinarily indicates an intent to include everything embraced within such term. [See] 30 Fla. Jur. Statutes s. 81. Although the title to an act cannot alter or broaden the operation of an act, the title may be used as an aid in interpreting the act, and serves to define the scope of the act. Curry v. Lehman, 47 So. 19
(Fla. 1908); cf. Ex parte Knight, 41 So. 786 (Fla. 1906), Rouleau v. Avrach, 233 So.2d 1 (Fla. 1970). In the case of Ch. 74-100, Laws of Florida, the title specifies that this act implements Art. I, s. 6, State Const. 1968, and defines "rights of public employees and employers." As with the provisions of the act itself, the title makes no exceptions for any branch or department of state government, and therefore none may be implied or written into the act. Parenthetically, it might be noted that Art. I, s. 6, as construed by the Supreme Court in Dade County Classroom Teachers' Assoc. v. Ryan, 225 So.2d 903 (Fla. 1969), and Dade County Classroom Teachers' Assoc. v. Legislature, 269 So.2d 684
(Fla. 1972), unqualifiedly applies to, and makes no exceptions from, the term public employees, nor did the statutory precursor of Ch. 74-100, which was s. 839.221, F.S. 1973. Section447.203(8), F.S. (1974 Supp.), designates the Governor as the "chief executive officer for the state" and pursuant to this legislative designation the Governor promulgated Executive Order Number 74-48, which states in part that "it is highly desirable and necessary that consistent and uniform policies be followed with regard to all state employees to assure that all state employees' rights under the Constitution of 1968 and under Chapter 74-100, Laws of Florida, are equally protected. . . ." (Emphasis supplied.) The broad application and interpretation of the act is, therefore, further evidenced by the terms of Executive Order Number 74-48. This fact is significant since the interpretation made of a statute by the state administrative officer or body charged with responsibilities under that statute is of prime importance in construing a statute. Green v. State, 166 So.2d 585
(Fla. 1964). The doctrine of contemporaneous construction of a statute by the body that administers the statute will not be overturned by the courts, except for the most cogent reasons, and unless clearly erroneous and unreasonable. Green v. Stuckey's of Fanning Springs, Inc., 99 So.2d 867 (1957). It should be noted, since you have referred in your question to the judiciary's exemption from the career service system, that such exemption does not provide for automatic exemption from Ch. 74-100, Laws of Florida. As you know, subsection 110.051(2)(j), F.S. (1974 Supp.), exempts all officers and employees of the judicial branch of state government from career service, except that the Department of Administration shall set their salaries unless otherwise fixed by statute. Paragraphs 110.051(2)(a) and (c), id., provide for a similar exemption from career service for elected officers and persons appointed by the Governor to fill vacancies in such offices, agency heads, and members of boards and commissions. However, in these latter cases, although exempt from the career service just as judicial officers and employees, the Legislature also found it necessary to provide a specific exemption from Ch. 74-100 in s. 447.203(3), F.S. (1974 Supp.). No similar specific exemption for the employees of the judiciary was provided in Ch. 74-100. Of course, judges, who are elected, will be exempt from Ch. 74-100 by virtue of the general exemption provided for persons elected by the people. Also see s. 110.051(2)(d), F.S. (1974 Supp.). Therefore, in my opinion, the exemption of officers and employees of the judicial branch from the career service, except for the fixing of salaries of those positions by the Department of Administration as set forth in s. 110.051(2)(j), F.S., applies only to the provisions of Ch. 110, F.S., and does not provide for an exemption from Ch. 74- 100, Laws of Florida [Ch. 447, F.S. (1974 Supp.)], without an express exemption within said Ch. 74-100. Were it not for the exemption for judicial employees specifically effected by s. 110.051(2)(j), F.S. (1974 Supp.), those positions would be included within the career service to which Ch. 110 applies and they would be governed thereby. Finally, I would like to emphasize that while I find no specific exemption in Ch. 74-100, Laws of Florida, for the employees of the judicial branch of state government, the applicability of this act does not mandate or in any way encourage or discourage the organization of any public employees or require any public employee to join, participate in, or refrain from joining or participating in any employee organization. Sections447.201 and 447.301, F.S. (1974 Supp.).