MOORE, Judge.
Pal-Mar Water Management District (Pal-Mar) seeks review of an order of the governing board of the South Florida Water Management District which declares that certain phases of Pal-Mar’s drainage project are not a closed system as defined in Section 373.403(6) Florida Statutes and, therefore, are not exempt from the rules of the District and the provisions of Chapter 373, Florida Statutes. We affirm.
The statutes in question in this appeal are Section 373.403(6), Florida Statutes (1977), which states:
“Closed system” means any reservoir or works located entirely within lands owned or controlled by the user and which requires water only for the filling, replenishing, and maintaining the water level thereof.
and Section 373.406(3), Florida Statutes, (1977), which states:
Nothing herein, or in any rule, regulation or order adopted pursuant thereto, shall be construed to be applicable to construction, operation, or maintenance of any closed system. However, part II of this chapter shall be applicable as to the taking and discharging of water for filling, replenishing, and maintaining the water level in any such closed system.
There is no question that Section 373.406(3) exempts “closed systems” from the requirements of Chapter 373, Part IV, Florida Statutes, in particular, Sections 373.413 and 373.416.
Pal-Mar contends that its drainage project meets the requirements of a closed system, even though Pal-Mar does not presently own or control all the land necessary to implement the project, because it has the statutory authority and the intent (as evidenced by its drainage plan) to acquire such land. See, e. g. Sections 298.22, 298.24, 298.28 and 298.62, Florida Statutes.
As noted above, Section 373.403(6) provides that a “ ‘Closed system’ means any reservoir or works located entirely within lands owned or controlled by the user . .” Pal-Mar simply cannot get around the fact it does not presently own or control all the land necessary to effectuate its drainage plan. Although Pal-Mar may have the statutory authority to acquire land for this purpose, this does not insure that its authority will not be challenged. Section 373.403(6) uses the wording, “owned or controlled by the user”, not “intended to be owned or controlled by the user”. Hence, in light of the strict construction against a party claiming a statutory exemption, the *234 instant order declaring Pal-Mar’s drainage project not a closed system is affirmed. See Robinson v. Fix, 113 Fla. 151, 151 So. 512 (1933); Coe v. Broward County, 327 So.2d 69 (Fla. 4th DCA 1976) affirmed 341 So.2d 762 (Fla.1976).
Finding appellant’s other arguments to be without merit, we affirm.
LETTS, C. J., and LEONARD RIVKIND, Associate Judge, concur.