397 So.2d 696 (1981)
ABC LIQUORS, INC. (STORE NO. 126), Appellant,
v.
DEPARTMENT OF BUSINESS REGULATION, DIVISION OF ALCOHOLIC BEVERAGES AND TOBACCO, Appellee.
No. SS-372.
District Court of Appeal of Florida, First District.
February 11, 1981.
Rehearing Denied May 19, 1981.
James E. Foster of Fishback, Davis, Dominick & Bennett, Orlando, for appellant.
Jim Smith, Atty. Gen., and Harold F.X. Purnell, Asst. Atty. Gen., Tallahassee, for appellee.
ROBERT P. SMITH, Jr., Judge.
At issue here is the meaning of the term "separate locations" as employed in a licensing statute which taxes alcoholic beverage vendors $1,000 extra for having "more than three permanent separate locations serving alcoholic beverages for consumption of the licensed premises." Section 565.02(1)(g), Florida Statutes (1979). On substantial competent evidence a DOAH hearing officer entered a recommended order, adopted by the Division of Alcoholic Beverages and Tobacco, finding that appellant ABC's bar service facilities on its licensed premises were designed and built in four "separate locations" rather than in only one or two. That finding rests primarily on the agency's concept, satisfactorily advanced by evidence and accepted by the hearing officer, that bars standing separately, staffed separately, opened and closed separately, and operated separately are "separate locations" notwithstanding that they are nearby each other in the same room. The agency's core *697 position is stated thusly by the hearing officer's critical finding of ultimate fact:
Therefore, the design of the bar area within the room must be perceived as one primarily fashioned to suit the commercial needs of the Petitioner as opposed to the safety of the patrons.
When in Section 120.57 proceedings to construe and apply a nonpenal regulatory statute an independent hearing officer and the agency agree on a dispositive finding, there is little cause for a district court of appeal to debate whether the matter in issue is more nearly adjudicative fact or statutory policy and whether the hearing officer's or the agency's finding must prevail. See McDonald v. Dept. of Banking and Finance, 346 So.2d 569, 579 (Fla. 1st DCA 1977). In such a case our task is only to assure that the affected party was protected by adherence to Chapter 120 processes, that the dispositive finding is supported by substantial competent evidence appropriate to the issue, and that the agency was not "clearly erroneous or unauthorized," Gay v. Canada Dry Bottling Co. of Florida, Inc., 59 So.2d 788, 790 (Fla. 1952), in interpreting the statute given in its charge to enforce. APA processes thus lend added strength to the principle stated by the Supreme Court in King v. Seamon, 59 So.2d 859, 861 (Fla. 1952):
The contemporaneous construction placed upon a statute by the officials charged with the duty of executing it should not be disregarded or overturned by this court except for the most cogent reasons, and unless clearly erroneous. (e.s.)
See also Robinson v. Fix, 113 Fla. 151, 151 So. 512 (Fla. 1933); Miami Beach First National Bank v. Dunn, 85 So.2d 556 (Fla. 1956); Green v. Stuckey's of Fanning Springs, Inc., 99 So.2d 867 (Fla. 1957); United States Gypsum Co. v. Green, 110 So.2d 409 (Fla. 1959); State ex rel. Volusia Jai-Alai, Inc. v. Ring, 122 So.2d 4 (Fla. 1960); Miller v. Brewer Co. of Florida, Inc., 122 So.2d 565 (Fla. 1960); Fidelity Constr. Co. v. Arthur J. Collins & Son, Inc., 130 So.2d 612 (Fla. 1961); Henderson v. Sol Walker and Co., 138 So.2d 323 (Fla. 1962); State v. Florida Dev. Comm., 211 So.2d 8 (Fla. 1968); Daniel v. Florida St. Turnpike Auth., 213 So.2d 585 (Fla. 1968); and State ex rel. Biscayne Kennel Club v. Board of Bus. Reg., 276 So.2d 823 (Fla. 1973).
In this case, having a duty to explicate its nonrule interpretation of the governing statute by conventional proof methods as far as reasonably possible, the Division adduced evidence that ABC's design and operation of separate serving bars was dictated "simply by economics," as one witness expressed it, not by safety requirements or other considerations beyond ABC's effective control. Therefore the Division and the DOAH hearing officer cannot be considered "clearly erroneous or unauthorized" in attributing to the statute, debatable on its face, a similar economic purpose to collect an extra license fee for separate serving locations in a single room. Nor is it possible, on this record and in the face of the hearing officer's unimpeached findings, for this court to give "most cogent reasons" for setting aside the agency's decision. King, supra. To reverse would be to preempt agency responsibilities and reduce to the level of expensive but inconsequential preliminaries all the protective remedies which Chapter 120 affords in preference to court litigation. State ex rel. Dept. of General Serv. v. Willis, 344 So.2d 580 (Fla. 1st DCA 1977); School Board of Leon County v. Mitchell, 346 So.2d 562 (Fla. 1st DCA 1977), cert. den., 358 So.2d 132 (Fla. 1978).
The agency order is AFFIRMED.
SHAW, J., concurs.
BOOTH, J., dissents, with opinion.
BOOTH, Judge, dissenting:
The order below is clearly erroneous and should be reversed. Florida Statutes § 565.02 provides for an additional $1,000 tax if there are "more than three permanent separate locations serving alcoholic beverages for consumption on the licensed premises [emphasis supplied]." The majority affirms the agency's innovative interpretation that aisles or rampways in a bar counter create "permanent separate locations." *698 By this view, there are four separate locations in one room of the licensed premises.
A careful reading of the statute in question, the entire Chapter 565, Florida Statutes, and rules adopted thereunder, fails to reveal any clear basis for imposition of the additional tax in this case. A tax can only be imposed by statutory language that is clear and specific. Ambiguity is resolved in favor of the taxpayer. Classifications, activities and individuals not clearly within the terms of a taxing statute cannot be subjected to tax.[1] This court, in Department of Revenue v. Brookwood Associates, Ltd., 324 So.2d 184, 187 (Fla. 1st DCA 1975), held:
If a taxing statute does not reveal with certainty the intent of the legislature and is susceptible of two meanings, the meaning most favorable to the taxpayer should be adopted. This is particularly true in instances wherein one meaning results in imposing the tax and the other relieves imposition of the tax.
The foregoing rule, equally applicable to license taxes,[2] requires reversal of the order below. Only by distortion of the common meaning of the statutory language can a single counter in a single room be more than one "permanent separate location." The agency has not only resolved ambiguity against the taxpayer, but has strained to do so.
It is suggested in the agency's order and the majority's affirmance thereof that, if aisles or rampways were constructed primarily for the safety of patrons, as opposed to "the commercial needs" of the appellant, the tax would not be imposed. No statutory language supports a legislative intent to tax aisles constructed for "commercial needs." No policy basis for increased tax on divided counters is apparent. What is apparent is that the beleaguered taxpayer, whose business premises was designed and constructed prior to the agency's announced interpretation, will be assessed the tax.
Not only does the agency's order violate basic rules of statutory interpretation, it also violates rule-making requirements of Chapter 120, Florida Statutes. Department of Revenue v. U.S. Sugar Corporation, 388 So.2d 596 (Fla. 1st DCA 1980). Appellant in the instant case, and other licensees whose premises were designed and constructed without notice or opportunity to be heard through the rule-making process, now face increased taxes based on their commercially inspired aisles or rampways. Further, the majority's decision encourages further agency encroachment on a case-by-case basis. Each table serving patrons and each serving place at the table or counter may be considered a "permanent separate location." An agency need not resort to rule-making when these results are available without it.
The recent decision of this court in Anheuser Busch, Inc. v. Department of Business Regulation, 393 So.2d 1177 (Fla. 1st DCA 1981), should preclude affirmance of the order below. In that case, the agency ruled that a brewer's promotional "bar spending" violated Florida Statutes § 561.42, which prohibits the giving of "any gifts or loans of money or property ... or ... the giving of any rebates." There, as here, the agency had adopted no rule supporting this result, and the interpretation was a new one. This court vacated, pointing out the basic unfairness of the disciplinary order entered against licensee as follows:
This, then, is not a case in which licensee discipline is sought for violation of an explicit statute or rule, or from an act tainted by standards which are commonly understood though only generally expressed by statute. This is rather a case in which licensee discipline is imposed for violation of rather general, morally neutral, and somewhat technical statutory standards which the order makes explicit only retrospectively and only in terms of the discrete facts at hand... . [W]hen substantial private interests are to be determined entirely by retrospective policymaking through adjudication, and the *699 conduct in question is such that the licensee likely would have conformed to any agency standard of which it had notice rather than incur the financial and other burdens of disciplinary action, Florida regulatory agencies may reasonably expect a reviewing court to ponder carefully whether rulemaking was reasonably practicable as well as desirable... .
As in Anheuser Busch, supra, the agency's ruling is without any clear statutory basis or rule and operates retrospectively. Further, the ruling is contrary to common understanding of the language relied on, without supporting industry precedent or demonstrated agency expertise. Here, as in the Anheuser Busch case, the licensee is forced to bear a financial penalty which could, and presumably would, have been avoided had the agency given notice of its standard or policy. No distinction can be made between the disciplinary action in Anheuser Busch and the taxation here. The power to discipline and the power to tax are equally potent in their ability to destroy.
The majority's suggestion that the licensee could have sought a declaratory order from the agency before building is small comfort and unrealistic, since the licensee could not have foreseen this type of interpretive taxation. The declaratory statement procedure was not designed as a substitute for the agency's rule-making obligation.
Finally, the fact that the licensee/taxpayer is part of an industry peculiarly subject to broad regulatory powers by the State does not justify affirmance of the action below. See Park Benziger & Co., Inc. v. Southern Wine & Spirits, Inc., 391 So.2d 681. All regulated industries, businesses and individuals are entitled to a degree of fairness, and all are adversely affected by the weakening of basic restraints on improper governmental action.
I respectfully dissent.
NOTES
[1] 31 Fla.Jur. Taxation §§ 56, 57, and cases cited therein.
[2] 21 Fla.Jur. Licenses and License Taxes § 4, and cases cited therein.