Mr. T. Michael Johnson City Attorney City of Bushnell
QUESTION:
May the City of Bushnell legally expend public funds to reimburse retired employees of the city who expended personal monies to purchase additional past service credit in order to obtain full retirement benefits?
SUMMARY:
The city may not legally expend public funds to reimburse retired employees of the city who have expended personal monies to purchase additional past service credit, which the city elected not to provide when it had the opportunity to do so, in order to obtain or provide full retirement benefits because such action on the part of the city council would constitute an attempt by public officials to do indirectly that which they are prohibited from doing by ss. 121.051(2)(b)3. and 121.081(1)(c), F.S., as interpreted by Administrative Policy Decision No. 9 of the Division of Retirement, the agency charged with the effective and efficient administration of the Florida Retirement System; because such action would constitute extra compensation or a lump sum allowance not provided for by law or contract granted after the rendition of services which is prohibited by s. 215.425, F.S.; and because such reimbursement may even constitute a gift of the city's money prohibited by s. 10, Art. VII, State Const.
Effective July 1, 1971, the City of Bushnell extended to its employees and officials the benefits of the Florida Retirement System as authorized by ch. 121, F.S., and thereby adopted the terms, conditions, requirements, benefits, privileges, and other conditions of the system. On September 19, 1974, the city, pursuant to authority granted it under s. 121.051(2)(b)3., F.S., entered into an agreement with the Division of Retirement to purchase past service credit for its current employees who were employed with the city on or before July 1, 1971. Section121.051(2)(b)3., F.S., provides, in pertinent part, that `[t]he governing body of any city or special district . . . may elect toprovide, or not provide, benefits based on past service of officers and employees . . . .' (Emphasis supplied.) By the aforesaid agreement, the city elected to purchase past service credit for all employees who were in an employment status on July 1, 1971, for a period of 7 years prior to July 1, 1971 (i.e., from July 1, 1964 to July 1, 1971), and by the same action elected not
to provide benefits based on past service prior to July 1, 1964. Only 3 employees who were employed at the date of the agreement had been employed with the city prior to July 1, 1964, and are thus affected by the aforesaid agreement.
Section 121.081(1)(c), F.S., provides that `[s]hould the employer not elect to provide past service for the member, then the member may claim and pay same . . . .' It is a basic rule of statutory construction that a legislative direction as to how a thing should be done is, in effect, a prohibition against its being done in any other way, Alsop v. Pierce, 19 So.2d 799 (Fla. 1944); and that the mention of one thing implies the exclusion of another. Devin v. City of Hollywood, 351 So.2d 1022 (Fla. 1976); Thayer v. State,335 So.2d 815 (Fla. 1976). In addition, Administrative Policy Decision No. 9 of the Division of Retirement, Department of Administration provides that a city or special district may elect to purchase any amount of past service credit for which its employees are eligible; however, once such an election is made, no other past service shall be purchased by the employer. This officially stated policy decision goes on to provide, consistent with s. 121.081(1)(c), F.S., that the employee may purchase any past service not purchased by his employer for which he is eligible. Under s. 121.031, F.S., the Department of Administration, through the Division of Retirement, is authorized and required to make such rules as are necessary for the effective and efficient administration of the Florida Retirement System. Such rules are presumptively valid. Florida Citrus Commission v. Golden Gift, Inc., 91 So.2d 657 (Fla. 1956); Mother's Lounge, Inc. v. Division of Beverages, 348 So.2d 934 (1 D.C.A. Fla., 1977); AGO 079-46. In addition, interpretive regulations by officers, administrative agencies, departmental heads and others officially charged with the duty of administering and enforcing a statute, and their practices which reflect the understanding they have of provisions they are charged with carrying out, have great weight in determining the operation of a statute. Green v. Stuckey's of Fanny Springs, 99 So.2d 867 (Fla. 1958); see generally, Sutherland, Statutes and Statutory Construction, s. 49.05. A construction placed upon a statute by a state administrative officer is a persuasive force and is influential with the courts, when found not to conflict with some provision of the Constitution or the plain intent of the statute. Green v. Home News Publishing Co., 90 So.2d 295 (Fla. 1956); Florida Dairy Farmers Federation v. Borden Company, 155 So.2d 699 (1 D.C.A. Fla., 1963). It is quite clear that Administrative Policy Decision No. 9 of the Division of Retirement does not conflict with s. 121.051(2)(b)(3)., or s.121.081(1)(c), F.S., or some provision of our Constitution.
Of the 3 employees who were employed with the city on the date that it agreed to purchase past credit to July 1, 1964, and who were employed with the city prior to July 1, 1964, one individual has already retired. In order to obtain full retirement benefits this individual has paid in excess of $5,000 from personal assets to obtain credit for service prior to July 1, 1964, pursuant to s.121.081(1)(c), F.S., which as previously stated provides that in the event the employer elects not to provide past service credit for an eligible member, the member may claim and pay for the same. The retirement dates of the 2 other individuals employed with the city prior to July 1, 1964, are rapidly approaching and these individuals are desirous of obtaining full retirement benefits also. Although it is clear that the city as employer may not directly purchase additional past service credit for these individuals, you inquire as to whether the city may legally expend its public funds to reimburse retired employees who have expended personal monies to purchase past service credit to obtain full retirement benefits. In other words, the city wishes to indirectly purchase past service credit by reimbursing the retired employees for the monies they have expended pursuant to s. 121.081(1)(c), F.S., which authorizes eligible employee members to purchase past service credit when the employer has elected not to provide full past service credit. It is, however, a well established principle that public officials cannot do indirectly that which they are prohibited from doing directly. Green v. Galvin, 114 So.2d 187 (1 D.C.A. Fla., 1959), cert. denied, 116 So.2d 775 (Fla. 1959),appeal dismissed, 117 So.2d 844 (Fla. 1960); AGO's 078-76 and 075-203.
In addition, s. 215.425, F.S., formerly s. 11, Art. XVI, State Const. 1885, as amended, converted to statutory law by s. 10, Art. XII, State Const. 1968, provides, in pertinent part, as follows:
 No extra compensation shall be made to any officer, agent, employee, or contractor after the service shall have been rendered or the contract made . . . .
This statutory section prohibits retroactive extra compensation, lump sum allowances, or other forms of compensation not provided for by law or contract and not earned in regular monthly installments. See AGO 075-224. The purpose of s. 215.425, supra
(prohibiting extra compensation for work already performed), is to carry out the basic and fundamental principle that public funds may be used only for a public purpose, and it is contrary to this policy to use public funds to give extra compensation to public employees for work they have already performed for an agreed-upon wage. See AGO 075-279. Since the city on September 19, 1974, elected not to provide for any past service credit or pay for the same prior to July 1, 1964, to its then current employees, it appears that any lump sum grant of money at this time to retired employees would be extra compensation after services have been rendered which is prohibited by s. 215.425, supra, or may even constitute a gratuity prohibited by s. 10, Art. VII, State Const., which, in pertinent part, provides that a municipality may not give, lend, or use its taxing power or credit to aid any person.
Prepared by: Linda Lettera, Assistant Attorney General