Mr. Lewis W. Fishman General Counsel Lower Florida Keys Hospital District Dadeland Towers South — Suite 420 9400 South Dadeland Boulevard Miami, Florida 33156
Dear Mr. Fishman:
This is in response to your request for an opinion on substantially the following question:
 WHAT IS THE MEANING OF THE WORD `RESIDENTS' AS USED IN THE ENABLING ACT OF THE LOWER FLORIDA KEYS HOSPITAL DISTRICT?
You state in your letter that it is necessary to know the meaning of the word `residents' as used in the enabling legislation for the hospital district inasmuch as its hospital admission practices and policies as well as its financial resources are affected thereby.
Section 33 of Ch. 67-1724, Laws of Florida, creating the special taxing district known as `The Lower Florida Keys Hospital District,' pertinent to your inquiry, provides:
 Each hospital established under this act shall be for the use and benefit of the residents of the district. Residents shall be admitted to the hospital or hospitals or any of the related facilities and be entitled to hospitalization and treatment subject, however, to the rules and regulations prescribed by the board effective as of the date of admission of such resident. The board shall be authorized to accept money from any welfare funds provided for Monroe county or moneys available to the indigent patients from a federal, state or county agency or municipality or moneys available to Monroe county from said governmental agencies for welfare and hospital purposes, for the payment of costs of treatment and care of indigent residents of the district; the board may collect from patients financially able, such charges as the board may from time to time establish. (e.s.)
The term `residents' is nowhere defined in Ch. 67-1724. Thus, the word must be given its meaning and significance from the context in which it is used. Generally, the word `resident' is one of common usage with numerous definitions to be found in judicial decisions. As stated in 77 C.J.S. Resident at p. 305-306 (1952), the word `has no technical meaning, and no fixed meaning applicable to all cases, but rather it has many meanings, and is used in different and various senses, and it has received various interpretations by the courts.' That text goes on to state that `[i]n order to constitute a person a resident of a particular state, he must intend to make, and actually make, that state his home, although he need not have determined to make it always his home. Thus a person becomes a resident of a state when he is personally present at some place of abode within the state, with no present intention of definite and early removal, and with a purpose and intent to remain for an undertermined period, not infrequently, but not necessarily, combined with a design to remain permanently[.]' Whether a person is or is not a resident of a particular place is a question of law and fact, to be determined from all the facts of each particular case. Id. at 307. This office is without the power to determine such mixed questions of fact and law.
A person's residence is said to consist of bodily presence in a place and the intention of remaining in that place. Residence is thus made up of fact and intention. See, 77 C.J.S. Residence at p. 295 (1952); Robinson v. Fix, 151 So. 512 (Fla. 1933); Kiplinger v. Kiplinger, 2 So.2d 870 (Fla. 1941); Fowler v. Fowler, 22 So.2d 817
(Fla. 1945); Gillman v. Gillman, 413 So.2d 412 (4 D.C.A. Fla., 1982); cf., Puente v. Arroyo, 366 So.2d 857 (3 D.C.A. Fla., 1979); Evans v. Evans, 194 So. 215 (Fla. 1940). It seems clear from the language of Ch. 67-1724, supra, that the Legislature intended by the general and unqualified use of the term `residents' to distinguish this class of persons requiring hospital services from other persons seeking such services. This interpretation is bolstered by subsequent language in s 33 which provides: `The board may extend the privileges and use of a hospital or related facilities to nonresidents of the district . . . . Provided, however, that the residents of the district wherein a hospital or related facility is located, shall have first claim to admission.' Thus, the Legislature has made a distinction between residents and nonresidents of the hospital district. It would appear in the absence of any legislative direction otherwise that the above-mentioned `fact-plus-intention' test should be applied to determine if an individual is a resident or a nonresident of the district. As indicated above, this office cannot make such determinations and the officials charged with the administration of Ch. 67-1724 must make such factual findings or determinations as to the district residency of each individual in each particular case.
In conclusion, it is my opinion, unless judicially determined otherwise, that the word `residents' as used in Ch. 67-1724, s 33, Laws of Florida, as it relates to the admission to and treatment at district hospitals, means a person who makes his home or place of abode within the geographical boundaries of the Lower Florida Keys Hospital District with no present intention of moving outside the district.
Sincerely,
Jim Smith, Attorney General
Prepared by: Craig Willis, Assistant Attorney General