Dear Ms. Hutton:
You ask substantially the following questions:
1. Is a county employee who retires early at an age younger than the normal retirement age and who was enrolled in the Public Employee Optional Retirement Program entitled to receive group insurance benefits immediately after retirement, but before reaching the normal retirement age set forth in section 121.021(29), Florida Statutes?
2. If not, is such an employee entitled to receive group insurance benefits when he or she reaches the normal retirement age?
Question One
Section 121.021(12), Florida Statutes, defines a "[m]ember" of the Florida Retirement System as "any officer or employee who is covered or who becomes covered under this system in accordance with this chapter." A member's normal retirement date is defined in section 121.021(29), Florida Statutes.[1] "Early retirement date," however, is defined in subsection 121.021(30), Florida Statutes, as "the first day of the month following the date a member becomes vested and elects to receive retirement benefits in accordance with this chapter. Such benefits shall be based on average monthly compensation and creditable service as of the member's early retirement date, and the benefit so computed shall be reduced by five-twelfths of 1 percent for each complete month by which the early retirement date precedes his or her normal retirement date as provided in s. 121.091(3)."
Section 112.0801, Florida Statutes, requires a public agency that provides life, health, accident, hospitalization, or annuity insurance for its officers and employees through a group insurance plan or self-insurance plan to allow all former personnel who have retired, the option of continuing to participate in the group insurance or self-insurance plan. "Retirees and their eligible dependents shall be offered the same health and hospitalization insurance coverage as is offered to active employees at a premium cost of no more than the premium cost applicable to active employees."[2] For purposes of this section, "retiree" means:
"[A]ny officer or employee who retires under a state retirement system or a state optional annuity or retirement program or is placed on disability retirement and who begins receiving retirement benefits immediately after retirement from employment. In addition to these requirements, any officer or employee who retires under the PublicEmployee Optional Retirement Program established under part II ofchapter 121 shall be considered a "retired officer or employee" or"retiree" as used in this section if he or she:
(a) Meets the age and service requirements to qualify for normalretirement as set forth in s. 121.021(29); or
(b) Has attained the age specified by s. 72(t)(2)(A)(i) of theInternal Revenue Code[3] and has 6 years of creditableservice."[4] (e.s.)
The plain language of the statute requires a retiree under the Public Employee Optional Retirement Program (PEORP) to have met the age and service requirements for normal retirement prescribed in section121.021(29), Florida Statutes, or attained the age of 59½ with six years of creditable service.[5]
Where a statute directs the way in which a thing is to be done, it operates as a prohibition against its being done in any other manner.[6] Accordingly, an individual who takes early retirement under the Public Employee Optional Retirement Program and does not meet the age and service requirements to qualify for normal retirement or has not attained the age of 59½ with six years of creditable service, would not be eligible to participate in the group insurance program immediately after retirement under the provisions of section 112.0801, Florida Statutes.[7]
Question Two
I have not found, nor have you directed my attention to, any provision in the Florida Statutes which addresses the entry of an early retiree under PEORP into the group insurance program once the retiree reaches the qualifying age or the date he or
she would have met the service requirements. Relative to employees of a state agency, Rule 60P-2.011, Florida Administrative Code, requires an employee who enters regular retirement on his or her last day of employment to elect either to continue coverage by submitting an application in accordance with specified rules or to terminate coverage under the health program. Subsection (3) of the rule states:
"An employee who does not elect to continue coverage as provided in this Section or terminates coverage after retirement shall not be eligible to reenter the Health Program at a later date unless subsequently reemployed by the State."
The above-cited rule applies to participation in the state's group health insurance program and does not specifically apply to municipal or county employees who are participants in the Florida Retirement System.[8] While not dispositive, the rule provides direction as to how the statutory provisions governing retirement and participation in the group insurance program are interpreted.[9] It would appear that a retiree must elect to continue participation in the group insurance at the time he or she retires and may not subsequently elect to participate at a later date.[10] Also, I would note that retired state officers or employees who retire under PEORP fall within the same definitional constraints set forth in section 112.0801, Florida Statutes, applicable to retirees of other public agencies, such as a county, municipality or special district.[11]
Given the lack of clear legislative direction, I cannot conclude that pursuant to the provisions in section 112.0801, Florida Statutes, it would be required that an early retiree who participated in the Public Employees Optional Retirement Program and was not otherwise eligible for participation in the group insurance program when he or she retired be able to begin such coverage once reaching the statutorily prescribed age. It may be advisable, however, to address this issue to the Legislature in order to have clarification as to whether Public Employees Optional Retirement Program participants who retire early may participate in an agency's group insurance program once they reach the minimum age requirements.
Sincerely,
Bill McCollum Attorney General
BM/tals
[1] Section 121.021(29), Fla. Stat., defines "[n]ormal retirement date" as "the first day of any month following the date a member attains one of the following statuses:
(a) If a Regular Class member, the member:
1. Completes 6 or more years of creditable service and attains age 62; or
2. Completes 30 years of creditable service, regardless of age, which may include a maximum of 4 years of military service credit as long as such credit is not claimed under any other system.
(b) If a Special Risk Class member, the member:
1. Completes 6 or more years of creditable service in the Special Risk Class and attains age 55;
2. Completes 25 years of creditable service in the Special Risk Class, regardless of age; or
3. Completes 25 years of creditable service and attains age 52, which service may include a maximum of 4 years of military service credit as long as such credit is not claimed under any other system and the remaining years are in the Special Risk Class.
(c) If a Senior Management Service Class member, the member:
1. Completes 6 years of creditable service in the Senior Management Service Class and attains age 62; or
2. Completes 30 years of any creditable service, regardless of age, which may include a maximum of 4 years of military service credit as long as such credit is not claimed under any other system.
`Normal retirement age' is attained on the `normal retirement date.'"
[2] Section 112.0801(1), Fla. Stat.
[3] Section 72(t)(2)(A)(i), Internal Revenue Code, provides:
"(t) 10-percent additional tax on early distributions from qualified retirement plans
(1) Imposition of additional tax If any taxpayer receives any amount from a qualified retirement plan (as defined in section 4974(c) [26 USCS § 4974(c)]), the taxpayer's tax under this chapter [26 USCS §§ 1
et seq.] for the taxable year in which such amount is received shall be increased by an amount equal to 10 percent of the portion of such amount which is includible in gross income."
(2) Subsection not to apply to certain distributions Except as provided in paragraphs (3) and (4), paragraph (1) shall not apply to any of the following distributions:
(A) In general Distributions which are —
(i) made on or after the date on which the employee attains age 59½[.]"
[4] Section 112.0801(2), Fla. Stat.
[5] See also s. 112.363(2)(b)1., Fla. Stat., setting forth the eligibility for a retiree's health insurance subsidy "[f]or a participant of the Public Employee Optional Retirement Program established under part II of chapter 121, the participant meets the age or service requirements to qualify for normal retirement as set forth in s. 121.021(29)."
[6] See Alsop v. Pierce, 19 So. 2d 799, 805-806 (Fla. 1944); Dobbs v.Sea Isle Hotel, 56 So. 2d 341, 342 (Fla. 1952); Thayer v. State, 335 So. 2d 815, 817 (Fla. 1976).
[7] See also s. 121.4501(18), Fla. Stat., providing that "[a]ll officers and employees who are participants of the optional program shall be eligible to receive the retiree health insurance subsidy, subject to the provisions of s. 112.363," which provides retirees a monthly subsidy payment to assist such retirees in paying the costs of health insurance. An individual is eligible when he or she terminates employment with all employers participating in the Florida Retirement System and, for a participant in the Public Employee Optional Retirement Program, "meets the age or service requirements to qualify for normal retirement as set forth in s. 121.021(29)."
[8] The terms and conditions of the county's group insurance plan would ultimately control whether a former employee who has retired early to reestablish coverage when the individual reaches the required age.
[9] See AmeriSteel Corporation v. Clark, 691 So. 2d 473 (Fla. 1997) (as administrative agency charged with implementation of statute, agency's interpretation of the requirements of the act must be given great deference). See also Green v. Stuckey's of Fanning Springs, 99 So. 2d 867 (Fla. 1958) (interpretive regulations by officers, administrative agencies, departmental heads and others officially charged with the duty of administering and enforcing a statute, and their practices which reflect the understanding they have of provisions they are charged with carrying out, have great weight in determining the operation of a statute).
[10] Cf. Op. Atty Gen. Fla. 98-82 (1998) (provisions of section112.0801, Florida Statutes, are not limited to dependents who were participating in a municipality's group insurance plan at the time of the employee's retirement and should be read to allow open enrollment for the eligible dependents of retirees who wish to participate in a municipality's group insurance plan).
[11] See s. 110.123(2)(g), Fla. Stat., imposing the same age and service requirements enumerated in s. 112.0801(2), Fla. Stat., on a state officer or state employee who retires under the Public Employee Optional Retirement Program to be considered a "retired state officer or employee" or "retiree" for purposes of participating in the state group insurance program