THOMAS, Justice.
The appellant was convicted of resisting-arrest by offering or doing violence to an. officer of the Game and Fresh Water Fish Commission.
The appellant was charged in count one-of an information with resisting a conservation agent of the Game and Fresh Water Fish Commission when the “wild life officer” undertook to place him in custody for-violating in the presence of the officer “the- *850 laws * * * relating to game, non-game birds, fresh water fish and fur-bearing animals * * In the second count it was charged that the appellant resisted while the officer was legally performing his duty to arrest the appellant for violating in the officer’s presence the laws of the State “as fixed by the * * * ‘ Game and Fresh Water Fish Commission * * *“ regulating the manner and method of taking reptiles * *
In essence the difference between the twp counts is the reference in one to the laws relating to game, and in the other to the rule adopted by the Commission regulating the taking of reptiles.
Upon the trial the jury found the appellant guilty as charged on both counts, and the judge adjudged him guilty of “resisting arrest” and sentenced him to serve eighteen months in the state prison.
At the time the officer attempted to make the arrest he had heard, in the night-time, the discharge of a gun and had seen a light. He waited for the appellant to reach a boat landing and a fracas followed. The appellant’s companion threw a gun, and the appellant or his companion threw a sack, into the water. When the appellant was subdued the officer retrieved the gun and sack and the sack was found to contain ten alligators under eight feet in length. A “gator hook” was also discovered.
The appellant insists that the officer had nq such authority as he attempted to exercise because the law under which he undertook to act, Sec. 372.07, Florida Statutes 1953, and F.S.A., was enacted prior to the establishment of the Game and Fresh Water Fish Commission by constitutional amendment adopted in 1942, Sec. 30, Art. I.V, F.S.A., and .that it was repealed by the amendment. This contention is based on the provision in the amendment that the legislature might enact laws “in aid of, but not inconsistent with, the provisions” of the amendment, and the declaration that all inconsistent laws were ineffective. We find no merit in this position. The statute was, in our opinion, consistent with the amendment and an aid to the Commission and its agents in the performance of the duties imposed on them. Repeatedly since the adoption of the amendment the legislature has reenacted the statute, so plainly it was considered by that body that it aided the Commission and harmonized with the amendment. We agree. Sec. 16.19, Florida Statutes 1953, and F.S.A.
Evidently it is appellant’s position that there was no power to arrest because there was an absence of probable cause to believe that a law of the State, as distinguished from a regulation of the Commission, was being violated in the presence of the officer. To agree with appellant would require us to attribute too little dignity to rules of the Commission. One of them, Rule 16, provides that “The possession of a gún and a light at night either by one person or by two or more persons then and there in the presence of each other for the purpose of taking game birds, reptiles, amphibians,- or game animals be and it is hereby prohibited.” Such possession does, by the rule, "constitute a prima facie evidence of possession of said gun and light for the purpose of taking game birds, reptiles, amphibians or game animals.”
When the officer arid the appellant first came within sight of each other the officer heard a gun fire and saw a light. This action violated the part of the rule we first quoted, and, under the part we next quoted, amounted to prima facie evidence that the light and gun were possessed for the taking of game and reptiles. Such was the situation at the time the, officer attempted the arrest. When the appellant was overcome, the prima facie evidence arising from possession of the gun and light became actual evidence of the violation of Rule 23 prohibiting the taking of alligators less than eight feet in length, and prohibiting the taking of any alligators at all during the month of June when appellant was apprehended.
We approach the remaining aspect of the question, the efficacy of a rule of the *851 Commission as compared with a law enacted by the legislature. In Sec. 30(4) of Article IV the Commission is granted power "to regulate the manner and method of taking * * * birds, game, fur-bearing animals, fresh water fish, reptiles, and amphibians.” It was in the exercise of this power that the two rules quoted were promulgated. The position of the appellant cannot be accepted. We held in State ex rel. Griffin v. Sullivan, 158 Fla. 870, 30 So.2d 919, 920, that a rule of the Commission could not be changed by the legislature and that the legislature had not the power “to prescribe a method of taking fish *' * * different from that prescribed by the Commission.” We also held in that case that in event of a conflict between a rule of the Commission and an act of the legislature, the rule was “the governing law.” See also Sylvester v. Tindall, 154 Fla. 663, 18 So.2d 892.
The appellant insists, too, that he was improperly convicted because “wildlife officers” are not included in the list of officers violently to resist whom constitutes a felony. These officers are: “sheriff, deputy-sheriff, officer of the Florida Highway Patrol, constable or other person legally authorized to execute process * * Sec. 843.01, Florida Statutes 1953, and F.S.A. Under Sec. 372.07, supra, “authorized conservation agents” are specifically empowered to “execute warrants and search warrants,” and to “serve subpoenas” so it follows that they are “authorized to execute process” and are, therefore, within that classification.
We are convinced after a careful study of all points presented that the appellant should not prevail, therefore, the judgment against him is—
Affirmed.
DREW, C. J., and ROBERTS and THORNAL, JJ., concur.