COPE, Judge.
Edward Newman appeals an order of the trial court which held that section 34.021, Florida Statutes (1991), is constitutional. We affirm.
I.
Appellant Edward Newman is one of three candidates who has filed qualification papers to stand for election for the position of County Judge for the Eleventh Judicial Circuit, Group 33. Appellee Leonard J. Cooperman is another candidate for the same position.
After the qualifying period ended, a question arose regarding whether Newman meets the eligibility requirements for the position of county judge. Under section 34.021, Florida Statutes (1991), a candidate for county court judge must have been a member of the Florida Bar in good standing for five years “prior to qualifying for election to said office....” Newman was admitted to the Florida Bar in October, 1987, and concededly had not been a member of the Florida Bar for five years prior *1352 to the date he filed his qualifying papers. If section 34.021 is controlling, then Newman is not eligible to be a candidate for county court judge.
Newman contends, however, that the statute is unconstitutional, and seeks a declaratory judgment to that effect. If Newman is correct, then he needs only to meet the minimum eligibility requirements set forth in article V, section 8, of the Florida Constitution. Under the constitutional provision, a person must be a member of the Bar for five years at the time he or she takes office, not at the time of qualifying. See id.; In re Advisory Opinion to the Governor, 192 So.2d 757, 759 (Fla.1966). The Constitution allows the Legislature to modify the Bar membership requirement, but if the statute is invalid, then only the constitutional minimum requirement is applicable. By that standard, Newman is qualified to stand for election, since if elected he will have been a Bar member for over five years at the time of assuming office in January, 1993.
Newman filed his declaratory judgment action on an emergency basis in the circuit court. The court gave an expedited ruling, holding that section 34.021 is constitutional. The court declared Newman ineligible and ordered that his name be taken off the ballot. Newman took an immediate appeal and this court likewise has considered the appeal on an emergency basis.[2] We concur with the trial court’s ruling and now affirm.
II.
Newman contends that section 34.-021 was unconstitutionally enacted in 1984. In that year the statute was amended to add the requirement that a candidate for county court judge have been a member of the Bar for five years prior to qualifying for election. Ch. 84-303, Laws of Fla. He argues that under the terms of the Florida Constitution existing at that time, the Legislature did not have the power to add the five-year requirement. He asserts, therefore, that the law was void ab initio, and must be declared unconstitutional.
A brief chronology will help place Newman’s arguments in context:
Prior to 1972. — Prior to the 1972 amendments to the Florida Constitution, county court judges were not required to be members of the Bar.
1972 Revision of Judicial Article. — In 1972 the judicial article of the Florida Constitution was revised. The new article V, section 8, provided in part: “Unless otherwise provided by law, a county court judge must be a member of the bar of Florida.”
1972 Legislation. — Contemporaneously, the Legislature enacted the initial version of section 34.021, Florida Statutes, to be effective upon ratification of the revised judicial article. Ch. 72-404, Laws of Fla. The statute provided that in counties having a population of 40,000 or less, a county court judge did not have to be a member of the Bar.[3]
1978 Legislation. — In 1978 section 34.-021 was amended to require that a candidate for county court judge be a member of the Bar at the time of qualifying for office. Ch. 78-346, Laws of Fla. This represented an increase in the eligibility requirement; otherwise, the county court judge needed to be a member of the Bar only at the time of swearing in.[4]
1984 Legislation. — In 1984 section 34.-021 was amended to require that a candidate be a member of the Bar for five years at the time of qualifying for office. This amendment was effective October 1. Ch. 84-303, Laws of Fla.
*1353 1984 Constitutional Amendment. — In addition to enacting the 1984 statute just mentioned, the 1984 Legislature also approved a constitutional amendment which appeared on the November, 1984, general election ballot. The constitutional amendment modified article V, section 8, to read (so far as pertinent here):
Unless otherwise provided by general law, no person is eligible for the office of county court judge unless he is, and has been for the preceding five years, a member of the bar of Florida.
The voters approved the amendment. By its terms it took effect July 1, 1985. 1984 House Joint Resolution No. 37, reprinted in 1984 Laws of Fla. 2233.
It should be noted that the 1984 statute was not contingent on the passage of the constitutional amendment. The 1984 statute took effect in October, 1984, well before the effective date of the 1984 constitutional amendment.
III.
Newman correctly states that the 1984 statute took effect in October 1984, while the 1972 version of article V was in effect. He contends that the validity of the 1984 legislation must be determined on the basis of the 1972 constitutional language. He argues that the Legislature exceeded its powers under the 1972 Constitution, thus rendering the 1984 enactment void ab ini-tio. He also contends that the 1984 Constitutional amendment, which did not become effective until 1985, failed to breathe life into section 34.021. On that analysis Newman urges that the statute has been void from its inception and must be invalidated. For present purposes, we assume, without deciding, that the validity of the 1984 enactment is to be judged against the former version of article V, section 8, even though that provision has since been eliminated from the Constitution.[5]
As explained earlier, the 1972 Constitution stated, “Unless otherwise provided by general law, a county court judge must be a member of the bar of Florida.” Art. V, § 8, Fla. Const. (1972). Newman argues that this language only allowed the Legislature to reduce the minimum requirements for county court judges, by waiving the Bar membership requirement in small counties and for incumbent nonlawyer judges then serving. He urges that the Constitution did not allow the Legislature to increase the minimum requirements for county court judges.
We are unable to agree. The 1972 Constitution established a requirement for Bar membership at the time the county court judge took office, but conferred the power on the Legislature to “otherwise provide[ ] by general law....” Id. The “otherwise provided” phrase does not expressly restrict the Legislature to reducing the minimum requirements for county court judge. It is at least a permissible reading that the Legislature may by general law increase the minimum credentials for county court judge. That being so, we are obliged to conclude that the Legislature acted within its powers. See Vinales v. State, 394 So.2d 993, 994 (Fla.1981).
It is true as a historical matter that the first use of the Legislature’s powers under *1354 the 1972 Constitution was to exempt small counties and incumbent nonlawyer judges from the requirement of Bar membership. It is also true, however, that the impetus behind adoption of this provision in 1972 was to accomplish an upgrading of the minimum standards for county court judges. While the initial exercise of power was to exempt small counties and incumbents, as early as 1978 the constitutional power was exercised to increase the Bar membership requirement. In that year the Legislature provided that candidates would have to be Bar members at the time of qualifying for office, rather than at the time of taking office. This was followed in 1984 by the addition of the five-year requirement. Given the purposes of the 1972 constitutional amendment and the nature of the language employed therein, we conclude that the Legislature had the power to enact the 1984 amendment to section 34.-021.
Newman relies primarily on State ex rel. Landis v. Ward, 117 Fla. 585, 158 So. 273 (1934), and Thomas v. State, 58 So.2d 173 (Fla.1952). In those cases the question was whether the Legislature could add statutory requirements for holding the constitutional offices of county surveyor, and county school superintendent, where that Constitution did not specifically confer authority on the Legislature to do so. In the present case we find that the constitutional language did expressly confer such authority.
IV.
Alternatively, even if section 34.021 was invalid as enacted in 1984, we conclude that its later reenactment after the effective date of the 1984 constitutional amendment renders the statute constitutional at the present time.
As the chronology indicates, the requirement for five-year Bar membership prior to qualifying was added by statute effective October 1, 1984. Effective July 1, 1985, the Constitution was amended to state, “Unless otherwise provided by general law, no person is eligible for the office of county court judge unless he is, and has been for the preceding five years, a member of the bar of Florida.” Art. V, § 8, Fla. Const. (July 1, 1985). The latter constitutional amendment very clearly authorizes a general law like that set forth in section 34.021.
Subsequent to the effective date of the 1984 constitutional amendment, section 34.-021 has been reenacted several times as a part of the biennial reenactment of the Florida Statutes. § 11.2421, Fla.Stat. (1991); ch. 91-44, 89-64, 87-83, 85-59, Laws of Fla. Assuming that there was any want of authority for the 1984 legislation, the deficiency was cured by reenactment subsequent to the 1984 constitutional amendment. See Bronson v. State, 83 So.2d 849, 850 (Fla.1955).[6]
Newman argues that this interpretation is foreclosed by State ex rel. Badgett v. Lee, 156 Fla. 291, 22 So.2d 804 (1945). Unlike Bronson, State ex rel. Badgett v. Lee does not deal with the effect of reenactment after a constitutional amendment.[7]
Affirmed.
In view of the expedited nature of the appeal, any motion for rehearing must be filed no later than July 28, 1992.

. The emergency is occasioned by the necessity for the Elections Department to print the election ballots on Monday, July 27, 1992, so that mailing of certain absentee ballots can commence the following day, in accordance with law.

. The same provision was also included in the Schedule to Article V, along with a provision declaring that incumbent nonlawyer county court judges would be eligible to seek election as county court judges in their respective counties. Fla. Const, art. V, § 20(c)(1), (d)(7) (1972).

.For simplicity, other provisions of this and subsequent amendments to section 34.021 have been eliminated.

. As an original proposition, we have reservations about the correctness of that premise where, as here, the statute at issue is not a penal one, and the appellant's rights accrued under the current Constitution, not the previous one. It appears anomalous to adjudicate the contemporary validity of a statute based on a prior version of the Constitution which is no longer in existence. There is, however, some authority which supports appellant's position. See 1, 1A N. Singer, Sutherland Statutory Construction §§ 2.07, 23.20 (4th ed. 1985); 16 Am.Jur.2d Constitutional Law § 259 (1979); 16 C.J.S. Constitutional Law § 44 (1984); see also Neisel v. Moran, 80 Fla. 98, 85 So. 346 (1920) (penal statute).
On the other hand, the decision in Deltona Corp. v. Bailey, 336 So.2d 1163 (Fla.1976), signals a different view. The court there held that "an act of the Legislature is presumed constitutional until invalidated by a final appellate decision. ... Likewise, courts have on various occasions, contrary to the doctrine expressed in [State ex rel.] Nuveen [v. Greer, 88 Fla. 249, 102 So. 739 (1924),] applied the principle of prospective constitutional invalidity.” Id. at 1166 (citations omitted). Deltona Corp. v. Bailey suggests that on the facts present here, the governing version of the Constitution is that in effect at the time of the constitutional challenge. See also People ex rel. McClelland v. Roberts, 148 N.Y. 360, 42 N.E. 1082 (Ct.App.1896).

. The reference in the Bronson opinion to sec-' tion 16.19, Florida Statutes (1953) is to the predecessor to the present section 11.2421, Florida Statutes (1991), the biennial reenactment of the statutes.

. See also State ex rel. Badgett v. Lee, 156 Fla. at 295, 22 So.2d at 806 (“though a statute declared unconstitutional becomes inoperative, it is not dead, only dormant.")