788 So.2d 256 (2000)
Judge Terri-Ann MILLER, Appellant,
v.
Aimee GROSS and Jane Carroll, Supervisor of Elections of Broward County, Appellees.
No. 4D00-2951.
District Court of Appeal of Florida, Fourth District.
August 30, 2000.
Rehearing Denied September 20, 2000.
*257 Michael A. Catalano of Michael A. Catalano, P.A., Miami, for appellant.
Robert C. Buschel and Joseph J. Carter of Ferrero, Buschel, Carter, Schwartzreich & Yates, Fort Lauderdale, for appellee Aimee Gross.
Samuel S. Goren and Michael D. Cirullo, Jr. of Josias, Goren, Cherof, Doody & Ezrol, Fort Lauderdale, for appellee Jane Carroll.
FARMER, J.
Article V, section 8, of the Florida Constitution provides that:
"No person shall be eligible for office of justice or judge of any court unless the person is an elector of the state and resides in the territorial jurisdiction of the court." [e.s.]
At the same time, section 101.045(1) provides:
"No person shall be permitted to vote in any election precinct or district other than the one in which the person has his or her legal residence and in which the person is registered." [e.s.]
§ 101.045, Fla. Stat. (1999). The question presented in this case is whether a serving judge in one county is qualified to run for election to a judicial office in another county. We hold that she is not and affirm the trial court's order striking her name from the ballot.
Terri-Ann Miller was first elected to the County Court in Dade County in 1992. She was re-elected in 1996. Her current term expires on January 2, 2001, and the term of the office to which she seeks election will begin on January 2, 2001. See Art. V, § 10, Fla. Const. (terms of judges shall commence on the First Tuesday after the First Monday in January following the general election).
Judge Miller is married. She and her husband have two minor children. At the time of her last election to the Dade County Court and until July 2000, she resided in Dade County with her husband and children. One of their children has attended public school there.[1]
On July 11, 2000, she rented an apartment in Broward County and registered to vote there. She and her husband used the family van to "get everything I needed" into her rental apartment in Broward. She also applied for a new Florida driver's license with her new Broward address on it. On July 17th, she filed qualifying papers for the County Judge's position in Broward to which she now seeks election.
Yet all the while she continues to maintain her judicial position in Dade County. Her husband and her children remain at the Dade County address, which is where they spend the night. Judge Miller testified *258 that she continues to live in the Dade County residence part of the time and that she still thinks of the Dade residence as the family home. In her words, she maintains two residences.
Appellee, a person registered to vote in Broward County, brought this declaratory judgment action seeking a declaration that Judge Miller is not eligible to run for the Broward County judgeship. Owing to the imminency of the election date on September 5th, the circuit judge expedited the case and denied Judge Miller's motion to continue trial.[2] After hearing the testimony of Judge Miller, as well as other evidence and testimony, the circuit judge found Judge Miller ineligible for the Broward judicial position. In his final judgment he said:
"the testimony of Judge Miller sets forth that she has a home in Dade County, Florida, where her husband and children reside and a child who has attended school in Dade County but that on July 11, 2000, the Judge rented an apartment in Broward County, Florida, and moved into said apartment on July 16, 2000, the day previous to the filing of her qualification papers for County Judge in Broward County, Florida.
[Judge Miller] stated her intent to be, and that she presently is, a resident of Broward County, Florida, since July 16, 2000, and submitted evidence of a temporary drivers license issued July 13, 2000, indicating her Broward residency....
While a person can have several temporary residences, there can only be one legal residence. A legal residence, or domicile, is the place where a person has fixed an abode with the present intention of making it their permanent home. In this case the most convincing evidence of Judge Miller's present intent is that she continues to serve as a County Judge in Dade County, Florida, which requires under the Florida Constitution that she reside in Dade County, Florida." [c.o.]
He ordered that Judge Miller's name may remain on the ballotit being too late and too costly to print new ballotsbut ordered the Elections Supervisor not to transmit or count the votes cast for Judge Miller.
Essentially the issue comes down to the meaning of the constitutional provision resides. Judge Miller argues that she can have many residences and that she currently has two, one in Dade County where she holds the office of County Judge, and another in Broward County where she hopes to be elected as a County Judge while she continues to serve as a judge in Dade. She focuses on the bare term resides and contends that she can continue to be a Dade County judge and have her family home in Dade, but meanwhile also have a personal home in Broward that will qualify her for the Broward County judicial seat. We do not agree.
There is no basis to believe that the drafters of article V, section 8, used the term resides in so loose a meaning. The qualifying phrase is "an elector of the state and resides in the territorial jurisdiction of the court." This is one of those instances where residenceor, rather, one of its derivatives is really synonymous with domicile. *259 As the court said in a similar context in Bloomfield v. City of St. Petersburg Beach, 82 So.2d 364, 368 (Fla.1955):
"Used in this connection, `legal residence' or `domicile' means a residence at a particular place, accompanied with positive or presumptive proof of an intention to remain there for an unlimited time. The term `domicile' was defined by the Roman law to mean:
`In whatsoever place an individual has set up his household goods and made the chief seat of his affairs and interests, from which, without some special avocation, he has no intention of departing; from which, when he has departed, he is considered to be away from home, and to which, when he has returned, he is considered to have returned home.' `The place where a married man's family resides is generally to be deemed his domicile, but the presumption from this circumstance may be overcome by other circumstances."'
82 So.2d at 368; see also Wade v. Wade, 93 Fla. 1004, 113 So. 374 (1927) (word residence has a variety of significations depending upon its various applications, but used in divorce statute it is synonymous with domicile or permanent abode); Herron v. Passailaigue, 92 Fla. 818, 110 So. 539 (1926) (terms "residence" and "residing," used in relation to divorce, mean "legal residence"). In Minick v. Minick, 111 Fla. 469, 149 So. 483, 488 (1933), the court explained:
"`Residence' is of a more temporary character than `domicile.' `Residence' simply indicates the place of abode, whether permanent or temporary; `domicile' denotes a fixed, permanent residence, to which, when absent, one has the intention of returning. `Residence' has a more limited, precise and local application than `domicile,' which is used more in reference to personal rights, duties, and obligations. That there is a difference in meaning between `residence' and `domicile,' is shown by the fact that a person may have his residence in one place while his domicile is in another. It has also been said that domicile and residence are not synonymous for the reason that a person may have more than one residence at the same time, but only one domicile."
149 So. at 488.
In Robinson v. Fix, 113 Fla. 151, 151 So. 512 (1933), the court said:
"`Any place of abode or dwelling place constitutes a `residence,' however temporary it may be, while the term `domicile' relates rather to the legal residence of a person, or his home in contemplation of law. As a result one may be a resident of one jurisdiction although having a domicile in another.'
`Residence' simply indicates place of abode whether permanent or temporary, whereas `domicile' denotes fixed permanent residence to which when absent one intends to return. Terms `domicile' and `residence,' though frequently used synonymously, are not when accurately used convertible terms; `domicile' being a more extensive signification as it includes beyond mere physical presence and particular locality positive or presumptive proof of intention to constitute it a permanent abiding place, whereas `residence' has more limited, precise, and local application than `domicile,' which is used more in reference to personal rights, duties, and obligations."' [c.o.]
151 So. at 512-513.
These cases demonstrate that there is a fundamental difference between mere residence and domicile or legal residence. One may have any number of residences at one time but only a single domicile. Consequently, *260 we think Judge Moriarty was eminently correct in reading article V, section 8, to use the term reside in the sense of legal residence or domicile. We do not find any error in his finding that her continued service as a Dade County judge demonstrates strongly that her legal residence also continues to be in Dade County, in spite of her additional residence in Broward County.
Judge Miller argues that:
"the time for determining whether a judicial candidate is qualified and eligible is when the term of office actually begins. State ex rel. Fair v. Adams, 130[139] So.2d 879 (Fla.1962), and In re Advisory Opinion to the Governor, 192 So.2d 757 (Fla.1966). The requirement that the candidate make an oath at the time the `qualification papers' are filed and the `qualifying fee' is paid that he or she is qualified and eligible under the Florida Constitution and laws to hold office for which he or she seek election refers to qualifications applicable when the term of office begins. As such, a present office holder can become a candidate for another public office if the term of office he or she is currently filing expires before the beginning of the term of the office sought."
In this case we are not concerned with just any office. Article V, section 8, applies only to judges.[3]
In State ex rel. Fair v. Adams, the issue had nothing to do with a residency requirement. In fact the issue in Fair concerned whether a candidate could qualify for multiple offices on the same ballot. He first filed papers for a seat on the Public Utilities Commission, and he later filed papers for a seat in the State Senate. The holding of the court is set forth in the following:
"We think though that in all fairness a candidate, who has qualified to become a political party's nominee for a certain office, should have the right to change his mind and thereafter qualify, during the period fixed by law for qualification of candidates, for selection by his party as its nominee for a different office. However, as a condition precedent to such action he should be required to withdraw or abandon his original or prior qualification for candidacy in the primary election."
139 So.2d at 885. Clearly Fair does not support the proposition that Judge Miller should be allowed on the ballot for a judicial office in Broward while she is serving as a judge in Dade.
The second case on which she relies, In re Advisory Opinion to the Governor, is similarly unavailing. In that case a candidate was elected by a majority vote to a seat on the circuit court. On the same day of his election, the voters also approved an amendment to the Florida Constitution requiring such judges to have been members of the Florida Bar for five years in order to qualify for the position. The candidate elected had been a member of the Florida Bar for just under four years on election day. The court determined that the constitutional amendment applied to the candidate. At that time, section 114.01 then provided that "(e)very office shall be deemed vacant ... [b]y [the incumbent's] neglect or refusal to qualify according to law within sixty days after his election...." The court held that the candidate elected to the position could not comply with this statute as then drafted and thus the Governor could not sign his commission. 192 So.2d at 759.
*261 We do not read In re Advisory Opinion to the Governor as applying to the present case. In the first place we note that article V, section 8, was adopted several years after In re Advisory Opinion to the Governor was decided. Article V, section 8, provides that a person is not eligible for a judicial office unless she resides in the territorial jurisdiction of the court to which she seeks election. There is nothing in article V, section 8, or in any statute she has cited to us, suggesting that she can qualify for election to an office to which she is ineligible at the time of qualifying. In fact Judge Miller signed an Oath of Candidate saying that "I am qualified under the Constitution and Laws of Florida to hold the office to which I desire to be... elected." [e.s.] Her Oath says "I am qualified," not I will be qualified when I actually take office.[4]
Moreover we sense that article V, section 8, has a purpose to insure that judges come from the community within the territorial jurisdiction of the court. While judges may not represent that territory in the same way that legislators do, it is quite understandable that the citizens of Florida would want their judges to be acquainted with the problems of the community, to be familiar with its history and mores, to have actually lived within its confines and experienced its recent history, in order to judge its cases.
AFFIRMED.
STEVENSON, J., concurs.
GROSS, J., concurs specially with opinion.
NOT FINAL UNTIL DISPOSITION OF ANY TIMELY FILED MOTION FOR REHEARING.
GROSS, J., concurring specially.
I concur in the majority opinion.
"Eligibility" under Article V, Section 8 of the Florida Constitution is measured at the time a candidate qualifies for the election in July, not at the beginning of the term the following January. Section 8 uses the term "eligible" five times. The term should be accorded the same meaning throughout the section. With regard to another qualification of a county court judge, Section 8 provides:
Unless otherwise provided by general law, no person is eligible for the office of county court judge unless the person is, and has been for the preceding five years, a member of the bar of Florida.
Section 34.021(1), Florida Statutes (1999), makes it clear that the time for measuring the five-year bar membership is prior to qualifying for election:
No person is eligible for election or appointment to the office of county court judge unless the person is, and has been for the preceding 5 years, a member in good standing of the bar of Florida prior to qualifying for election to such office

. . . .
(Emphasis supplied).
Section 105.031(4)(b), Florida Statutes (1999), mandates that a candidate for judicial office "subscribe to an oath or affirmation in writing" which is to be filed "upon qualifying." The statutory form of the oath provides for the candidate to swear that he or she:

is a candidate for the judicial office of ______; that his or her legal residence *262 is ___________ County, Florida; that he or she is a qualified elector of the state and of the territorial jurisdiction of the court to which he or she seeks election; that he or she is qualified under the constitution and laws of Florida to hold the judicial office to which he or she desires to be elected ....
(Italics supplied).
The form of the oath thus supports the majority's conclusion that the term "resides" in Article V, Section 8 is synonymous with "legal residence." It also makes it clear that the time for determining legal residence is at the time of qualifying, not when the term of office actually begins.
Judge Miller's active service as a judge in Dade County at the time she attempted to qualify was powerful evidence of her legal residence in Dade County. Otherwise she would not have been eligible to continue to serve under Article V, Section 8 which ties a person's eligibility to serve as a judge to the person's legal residence.
NOTES
[1] At the trial Judge Miller testified that she and her husband have not yet decided where their child will attend school in the future. She mentioned a private school in Broward County as a possibility, as well as the public school in Dade formerly attended by the child.
[2] On appeal Judge Miller argues that the denial of the continuance was error. Because she has shown no abuse of discretion we find no error in that regard. We also reject her companion argument that the circuit judge erred in rejecting her request to disqualify the circuit judge because the incumbent judge in the position to which she seeks election is a colleague of the circuit judge. We agree that her motion for disqualification was legally insufficient.
[3] Thus we have no occasion to determine whether in the abstract other offices are subject to the qualification argument constructed by Judge Miller.
[4] We recognize that under the precise text of article V, section 8, as long as one was a member of the Florida Bar for the requisite period, one could conceivably qualify for judicial office immediately after establishing domicile within the court's territory and becoming an elector there.