770 So.2d 176 (2000)
Demetrio J. PEREZ, Appellant,
v.
Daniel H. MARTI and David C. Leahy, etc., Appellees.
No. 3D00-2441.
District Court of Appeal of Florida, Third District.
September 1, 2000.
On Motion for Rehearing September 22, 2000.
*177 Coffey, Diaz & O'Naghten, and Kendall Coffey, and Mark Journey, and Joel Lucoff, Miami, for appellant.
Lott & Friedland, and Ury Fischer, Coral Gables; and Gaebe Murphy Mullen & Antonelli, and David Kleinberg, Coral Gables; and Robert A. Ginsburg, County Attorney, and Jess McCarty, Assistant County Attorney, for appellees.
Ronald C. Denis, Miami, for Firpo Garcia, as Amicus Curiae.
Lott & Friedland, and Ury Fischer, Coral Gables; Wampler, Buchanan & Breen and James J. Breen and Joseph Buchanan, Miami; Geller, Geller, Beskin, Shienvold, Fisher and Garfinkel and Joseph S. Geller, Hollywood; Robert A. Ginsburg, County Attorney and Jess McCarty, Assistant County Attorney, for appellees on rehearing.
Before JORGENSON, COPE, and RAMIREZ, JJ.
On Motion for Rehearing En Banc September 22, 2000.
PER CURIAM.
This is an emergency appeal of the trial court's order removing appellant, Demetrio J. Perez, as a candidate for election to the school board of Miami-Dade County to be held on September 5, 2000. The trial court's order granted declaratory and injunctive relief, finding Perez an unqualified candidate for the office of school board member, district seven. We reverse.
Section 230.10, Florida Statutes (1999), which addresses residence requirements for school board candidates, states in pertinent part:
Each candidate for school board member shall, at the time she or he qualifies, be a resident of the school board member residence area from which the candidate seeks election.
§ 230.10, Fla. Stat. (1999).
The trial court found that on July 17, 2000, Perez moved to 10011 S.W. 80th Avenue, Miami, Florida, for the purpose of establishing residency in district seven. This address, however, was not in district seven. His oath of office listed 904 S.W. 23rd Avenue as his mailing address, which was also not in district seven. The court also found that Perez realized the address on the certificate of registration was not within district seven, so "on July 19th, 2000, [Perez] went to the family farm at 17835 S.W. 25th Street, Miami, Florida, with the specific intent to use that address to qualify. On July 21st, 2000, the candidate filed his qualifying papers with the Division of Elections, neglecting to update his addresses on the papers filed previously. Those addresses were not within District 7." This finding is supported by the trial court's oral pronouncement stating that Perez "moved down to the farm which his family owns ... so on Friday the 21st, day of qualifying, he is living there and doesn't tell the Division of Elections that is where he is living...." It is undisputed that the family farm is within district seven.
*178 Thus, the trial court's own findings support the conclusion that by July 21, 2000, the date of qualifying, Perez had satisfied the residency requirement. But the trial court was unhappy with that, stating that "[r]esidence is not a place to sleep a couple of nights and qualify for political office." This was an incorrect legal conclusion.
As the United States Supreme Court stated in Reynolds v. Sims, 377 U.S. 533, 555, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964):
The right to vote freely for the candidate of one's choice is of the essence of a democratic society, and any restrictions on that right strike at the heart of representative government.
The Florida Supreme Court is equally committed to protecting the right of the voter to make decisions. In Ervin v. Collins, 85 So.2d 852, 858 (Fla.1956), the court stated:
Even if there were doubts or ambiguities as to [LeRoy Collins'] eligibility, they should be resolved in favor of a free expression of the people in relation to the challenged provision of the Constitution. It is the sovereign right of the people to select their own officers and the rule is against imposing disqualifications to run. The lexicon of democracy condemns all attempts to restrict one's right to run for office. The Supreme Court of the United States has approved the support of fundamental questions of law with sound democratic precepts. Florida is committed to the general rule in this country that the right to hold office is a valuable one and should not be abridged except for unusual reason or by plain provision of law.
On the issue of Perez's residency, Florida courts have consistently recognized that an individual's intent is a subjective factor and "the best proof of one's domicile is where [the person] says it is." Ogden v. Ogden, 159 Fla. 604, 609, 33 So.2d 870, 873 (1947). In Bloomfield v. City of St. Petersburg Beach, 82 So.2d 364, 368 (Fla.1955), the court "held that where a good faith intention is coupled with an actual removal evidenced by positive overt acts, then the change of residence is accomplished and becomes effective. This is so because legal residence consists of the concurrence of both fact and intention." In a case very similar to our situation, the Fourth District stated that "[i]n analyzing proof of intent, a person's declaration is especially significant and entitled to great weight." Walker v. Harris, 398 So.2d 955, 958 (Fla. 4th DCA 1981). And the First District has also stated, "the law requires judges to resolve doubts about qualification of a political candidate in favor of the candidate." Smith v. Crawford, 645 So.2d 513, 520 (Fla. 1st DCA 1994).
We reiterate the principle "that the primary consideration in an election contest is whether the will of the people has been effected." Boardman v. Esteva, 323 So.2d 259, 269 (Fla.1975). The trial court expressed concerns that Perez did not have roots in the district, that he did not "have overwhelming ties to that district." The court was obviously dissatisfied with Perez's actions. Those may be appropriate concerns for the electors of district seven, but they are inappropriate for the judiciary.
Reversed and remanded with instructions to dissolve the injunction and reinstate Perez's name on the September 5, 2000 ballot. No motion for rehearing will be entertained.
Before SCHWARTZ, C.J., and JORGENSON, COPE, LEVY, GERSTEN, GODERICH, GREEN, FLETCHER, SHEVIN, SORONDO and RAMIREZ, JJ.

ON MOTION FOR REHEARING EN BANC
PER CURIAM.
The motion for rehearing en banc is denied.
JORGENSON, COPE, GERSTEN, GODERICH, GREEN, SORONDO and RAMIREZ, JJ., concur.
*179 SORONDO, J. (specially concurring).
I agree with the panel opinion and therefore believe the motion for rehearing en banc should be denied. I write separately only to address the issue of legal residency for purposes of qualifying to run for public office in a particular district.
Almost every election year, politically ambitious individuals engage in a game of "musical homes," desperately seeking the most strategically advantageous forum within which to run. This tactic inevitably brings the candidates into the court system where the issue is ultimately resolved. Because judicial intervention in the electoral process is rarely appreciated by anyone other than the prevailing party and his or her supporters, I respectfully suggest that the Florida Legislature resolve this perpetual problem by enacting laws that either do away with residency requirements altogether (requiring residency only prior to taking office) or that contain residency requirements with teeth (requiring a six to twelve month period of actually living in the district prior to qualifying). Clearly, statutes requiring residency within the district at the time of qualifying are inadequate to avoid the residence shifting games that are, and have historically been played. If carpetbagging is to be the accepted public policy of the State of Florida, then the first option suggested above will accomplish just that without the perception of hypocrisy which presently attends the practice.
Although I agree with the panel's reading of the transcript from the lower court, I share the trial judge's disgust with the disgraceful, albeit lawful, carpetbagging which went on below. This type of behavior by candidates, encouraged by statutes such as the one applicable in this case, undermines the public's faith in the electoral process, its elected officials and, ultimately, in the court system.
FLETCHER, J., dissents without opinion from denial of rehearing en banc.
SCHWARTZ, Chief Judge (dissenting).
It is remarkable that the panel opinion does not mention that the trial court based its order upon its findings that "the testimony of the [d]efendant regarding his residency [is] incredible and unbelievable" and that Perez's conduct was "a subterfuge and borders on sharp practices and bothers... the court's ... sense of morality, my sense of duty, my sense of justice." I believe that the panel's reversal is therefore contrary to the masses of our cases which hold respectively that credibility is for the trier of fact and that trial court judgments are presumed correct and should be interpreted to uphold them, rather than by attempting to discover and impute error. Much more important, the panel's decision upon what is obviously a question of exceptional importance is not only, in my opinion, simply incorrect. No doubt inadvertently but very regrettably, it serves to condone, indeed to approve and encourage, just the kind of the manipulation of our system against which, until now, this court has always, resolutely set its face. For these reasons, I would grant the motion for rehearing en banc and affirm the order below.
LEVY and SHEVIN, JJ., concur.