PER CURIAM.
The plaintiff below, Ari Miller, appeals from an adverse final judgment. We affirm.
Because the trial court succinctly recites the facts of this case and is correct in its application of the relevant law, we adopt the trial court’s order in its entirety as our own.
FINAL JUDGMENT IN FAVOR OF DEFENDANTS
THIS CAUSE came before this Court on September 22, 2000, on Plaintiffs Complaint seeking an injunction and a declaratory statement against Defendant Mendez to remove Defendant MENDEZ’ name from the November 7, 2000 ballot on the grounds that she had not established her residency in Miami-Dade County at the time she signed her Oath of Candidate. The Court having reviewed the pleadings including the Stipulated Facts filed by the parties, having considered the arguments of counsel, having reviewed the court file, and having been otherwise fully advised in the premises, the Court finds as follows:
1. That this Court has subject matter jurisdiction. See State ex. rel. Shevin v. Stone, 279 So.2d 17 (Fla.1972); Op. Att’y Gen. Fla. 76-130 (1976).
2. That Article V, Section 8, of the Florida Constitution provides in pertinent part -
No person shall be eligible for office of justice or judge of any court unless the person is an elector of the state and resides in the territorial jurisdiction of the court.... No person is eligible for the office of circuit judge unless the person is, and has been for the preceding five years, a member of the bar of Florida....
*679 B. That Article V, Section 8, of the Florida Constitution does not expressly specify when a candidate for judicial office must establish his or her residency requirements, i.e., at the time the candidate qualifies for election or before assuming office.
4. That the Florida Supreme Court has ruled that the eligibility requirements set forth in the Florida Constitution, referred “to eligibility at the time of assuming office and not at the time of qualification or election to office.” In re Advisory Opinion to the Governor, 192 So.2d 757, 759 (Fla.1966).
5. That the Florida Supreme Court recently had the opportunity to address the issue of eligibility requirements and concluded that, “[T]he eligibility requirements ‘refer to eligibility at the time of assuming office not at the time of qualification or election to office.’ ” In re Advisory Opinion to the Governor — Terms of County Court Judges, 750 So.2d 610, 613 (Fla.1999) quoting In re Advisory Opinion to the Governor, 192 So.2d 757, 759 (Fla.1966)(emphasis in original). See also Newman v. State, 602 So.2d 1351, 1352 (Fla. 3d DCA 1992)(“Under the constitutional provision [of Art. V, § 8, Fla. Const.], a person must be a member of the Bar for five years at the time he or she takes office, not at the time of qualifying.”).
6. That on the issue of residency, the Third District Court of Appeal very recently stated that, “Florida courts have consistently recognized that an individual’s intent is a subjective factor and ‘the best proof of one’s domicile is where [the person] says it is.’ ” Perez v. Marti, 25 Fla. L. Weekly D2184[, — So.2d -, 2000 WL 1234056] (Fla. 3d DCA Sept. 1, 2000) quoting Ogden v. Odgen[Ogden], 159 Fla. 604, 609, 33 So.2d 870, 873 (Fla.1947), reh’g denied, Perez v. Marti, No. 3D00-2441[,-So.2d-, 2000 WL 1234056] (Sept. 22[1], 2000) (So-rondo, J., specially concurring)(calling for Legislature to adopt specific statutory language to clarify residency requirements for political office).
7. That Defendant MENDEZ in her Oath of Candidate stated that she resided in Broward County, however the parties have stipulated that as of the week of September 18, 2000, she is a resident of Miami-Dade County.
8. That Defendant MENDEZ solicited and received a legal opinion from the Division of Elections dated July 11, 2000 which informed her that she needed to establish her residency at the time she assumed office in the event she was elected and she has already done so.
WHEREFORE, it is ORDERED and ADJUDGED:
1. The Court GRANTS Final Judgment in favor of Defendants MENDEZ, HARRIS AND LEAHY.
Lastly, we certify conflict with the Fourth District Court of Appeal’s opinion in Miller v. Gross, No. 00-2951 (Fla. 4th DCA Aug. 30, 2000). This Court will not entertain any motion for rehearing.
Affirmed.