QUINCE, J.
We have for review the decision of the Third District Court of Appeal in Miller v. Mendez, 767 So.2d 678 (Fla. 3d DCA 2000), which certified conflict with the Fourth District Court of Appeal’s decision in Miller v. Gross, 788 So.2d 256 (Fla. 4th DCA), review denied, 770 So.2d 159 (Fla.2000), on the issue of whether residence under the election laws refers to residence at the *1244 time of qualifying or residence at the time of assuming office. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the following reasons, we approve the Third District’s decision in Miller v. Mendez, and disapprove the Fourth District’s decision in Miller v. Gross.
Factual Background
On September 8, 2000, Ari Miller (Miller) [1] sued Gina Mendez (Mendez), a judicial candidate, Katherine Harris as Secretary of State, and David Leahy as Supervisor of Elections of Miami-Dade County for declaratory and injunctive relief. Miller alleged that Mendez was not a qualified candidate for the office of circuit court judge for the Eleventh Judicial Circuit in Miami-Dade County because she was not a resident of Miami-Dade County on July 18, 2000, the date she filed her oath of candidate.[2] Miller argued that article V, section 8 of the Florida Constitution[3] and the recent de-cisión of Miller v. Gross, 788 So.2d 256 (Fla. 4th DCA 2000), require a candidate to be eligible at the time the oath of candidate is filed.
On September 26, 2000, the trial court entered a final judgment declaring that Mendez was eligible to be a candidate for circuit court judge in the November 2000 election. The trial court ruled that the eligibility requirements of article V, section 8 refer to eligibility at the time of assuming office, not at the time of qualification or election to office.
On September 27, 2000, Miller appealed to the Third District Court of Appeal. On October 5, 2000, the Third District affirmed and adopted the trial court’s order in its entirety. The Third District then certified conflict with Miller v. Gross. Mendez ultimately lost the November 7, 2000, election for Circuit Judge of the Eleventh Judicial Circuit, Division 25.
*1245 Discussion
In adopting the order of the trial court in its entirety, the Third District of necessity found that the residence requirement embodied in article V, section 8 of the Florida Constitution refers to residence at the time of assuming office. This holding conflicts with the Fourth District’s holding in Miller v. Gross, where the Fourth District found that the residence requirement refers to residence at the time of qualifying or taking the oath of candidate. We approve the conclusion reached by the Third District that a candidate for judicial office must be a resident of the territorial jurisdiction of the court at the time he or she assumes office.
On July 18, 2000, Mendez signed an oath of candidate which indicated she was a resident of Broward County, Florida, was a candidate for a judicial office in the Eleventh Judicial Circuit, and was qualified to run for the position stated. It is undisputed that Mendez had not established residency in Miami-Dade County (the territorial jurisdiction of the Eleventh Judicial Circuit) at the time she filed her oath of candidate for judicial office there. Mendez did not do so because she relied on a letter from the Division of Elections dated July 18, 2000, which stated she would only need to establish her residency in Miami-Dade County if she won, and by the time her term of office began.
The position taken by the Division of Elections is supported by a number of advisory opinions from this Court to the Governor. For example, in In re Advisory Opinion to the Governor—Terms of County Court Judges, 750 So.2d 610 (Fla.1999), this Court was asked the effect of the constitutional amendment extending the term of county court judges from four years to six years[4] on the terms of county court judges elected in 1996 and 1998. One question presented was whether a judge’s right to a specific term of office accrued on the date of election to office or the date of assuming office. In determining that a judge’s right to a specific term accrues on the date of assuming office, we relied in part on another advisory opinion that addressed the eligibility requirement of five years membership in The Florida Bar.[5] In In re Advisory Opinion to the Governor, 192 So.2d 757, 759 (Fla.1966), we said the bar membership eligibility requirements “refer to eligibility at the time of assuming office and not at the time of qualification or election to office.” See also Newman v. State, 602 So.2d 1351, 1352 (Fla. 3d DCA 1992).[6]
In addition to the advisory opinions from this Court, the Division of Elections has also consistently advised candidates that eligibility requirements need not be satisfied until the time of taking office. See Division of Elections Opinion 78-31 (August 3, 1978); Division of Elections Opinion 92-10 (June 24, 1992). The Division of Elections gave the same advice to Mendez when she inquired as to the deadline for meeting the residency requirement *1246 for judicial office. The Division of Elections’ advisory opinions are binding upon any person who seeks them. See § 106.23(2), Fla. Stat. (1999). Although an advisory opinion is not binding judicial precedent, it is persuasive, and if the Division’s opinion is reasonable, it is given great weight. See Krivanek v. Take Back Tampa Political Committee, 625 So.2d 840 (Fla.1993). The Division’s interpretation of the residence requirement for judicial office as set forth in its letter opinion to Mendez is reasonable. Because it is reasonable and because it is consistent with our long-standing interpretation of the eligibility requirements for judicial office as set forth in the Florida Constitution, we will not deviate from the principle that article V, section 8 of the Florida Constitution requires a candidate for judicial office meet the eligibility requirements by the date the term of office begins. This includes the requirement that the person elected to judicial office be a resident of the territory that encompasses the particular court.
The Fourth District relied on the language in the oath of candidate itself in support of its conclusion that the residency requirement must be met at the time the oath of candidate is filed. The Fourth District reasoned that the present tense used in the oath means the candidate must be presently qualified, that is, qualified at the time the oath is completed and filed.[7]
Pursuant to section 105.031(4)(b), Florida Statutes (2000), all candidates for judicial office must file an oath in substantially the following form:
State of Florida
County of_
Before me, an officer authorized to administer oaths, personally appeared (please print name as you wish it to appear on the ballot), to me well known, who, being sworn, says he or she: is a candidate for the judicial office of _; that his or her legal residence is _County, Florida: that he or she is a qualified elector of the state and of the territorial jurisdiction of the court to which he or she seeks election; ....
(Emphasis added.) Thus, the oath of candidate requires the person seeking judicial office to give his or her present legal residence and to attest that he or she is an elector of both the State and the territorial jurisdiction of the court to which he or she seeks election. In contrast, the Florida Constitution requires a candidate for judicial office be an elector of the state and a resident of the territorial jurisdiction of the court to which he or she is seeking office. Thus, under the constitutional provision a candidate for judicial office need only be a elector of the state and not necessarily an elector of the territorial jurisdiction for which he or she is seeking office. The statutory requirement of filing an oath cannot impose additional eligibility requirements for judicial office to those set out in the Florida Constitution. See State v. Grassi, 532 So.2d 1055 (Fla.1988). Therefore, as the Florida Constitution provides, a judicial candidate need only be an elector of the state.
However, as noted above, the Florida Constitution also contains a residency requirement for judicial candidates. We have on a previous occasion construed other eligibility requirements as referring to eligibility at the time of assuming office. See Newman; In re Advisory Opinion. We see no reason to give a different con *1247 struction to the constitutional requirement concerning residency. Thus, we agree with the Division of Elections’ interpretation that residency in the territorial jurisdiction of the court means residency at the time of assuming office. Therefore, in order to be eligible for judicial office, a candidate need only be an elector of the state and a resident of the territorial jurisdiction of the court on the date that the candidate assumes office. If a candidate is elected and does not meet the residency requirement by the date of assuming office, the office is deemed vacant and the Governor may appoint someone to fill the vacancy. See § 114.01, Fla. Stat. (2001).
The Third District’s decision in this case, which incorporated in full the trial court’s order, was proper. The Third District recognized the advisory opinions from this Court as well as the letter opinions issued by the Division of Elections, all of which interpret the language of article V, section 8 of the Florida Constitution to mean that the residence requirement must be met on the day the term of office begins. The cases and opinions upon which the Third District relied herein are reasonable and consistent with our own long-standing interpretation of other constitutional requirements. See generally Krivanek, 625 So.2d at 840. Therefore, we approve the decision of the Third District finding that a candidate for judicial office must meet the eligibility requirements, including the residency requirement, on the date of assuming office.
It is so ordered.
SHAW, HARDING, ANSTEAD, PARIENTE, and LEWIS, JJ., concur.
WELLS, C.J., concurs with an opinion, in which HARDING, ANSTEAD, and LEWIS, JJ., concur.

. Ari Miller is the husband of Terri Ann Miller who, while a county court judge in Dade County in 2000, decided to seek judicial office in Broward County for the term beginning in January 2001. A voter of Broward County sought a declaratory judgment on the issue of Miller's eligibility to run in Broward County while an active judge in Dade County. The Fourth District Court of Appeal in Miller v. Gross, 788 So.2d 256 (Fla. 4th DCA 2000), found Miller was not qualified to run in Bro-ward because her legal residence was Dade County.

. Section 105.031(4)(b), Florida Statutes (1999), provides:
(b) All candidates for judicial office shall subscribe to an oath or affirmation in writing to be filed with the appropriate qualifying officer upon qualifying. A printed copy of the oath or affirmation shall be furnished to the candidate by the qualifying officer and shall be in substantially the following form:
State of Florida
County of_
Before me, an officer authorized to administer oaths, personally appeared (please print name as you wish it to appear on the ballot), to me well known, who, being sworn, says he or she: is a candidate for the judicial office of_; that his or her legal residence is _ County, Florida; that he or she is a qualified elector of the state and of the territorial jurisdiction of the court to which he or she seeks election; that he or she is qualified under the constitution and laws of Florida to hold the judicial office to which he or she desires to be elected or in which he or she desires to be retained; that he or she has taken the oath required by ss. 876.05-876.10, Florida Statutes; that he or she has qualified for no other public office in the state, the term of which office or any part thereof runs concurrent to the office he or she seeks; and that he or she has resigned from any office which he or she is required to resign pursuant to s. 99.012, Florida Statutes.

.Article V, section 8, Florida Constitution states:
No person shall be eligible for office of justice or judge of any court unless he is an elector of the state and resides in the territorial jurisdiction of the court.

. The constitutional amendment was voted on by the electorate on the same 1998 ballot as the election of some county judges. Thus, the constitutional amendment and the terms of office of county court judges elected on that ballot became effective on the same date.

. The issues dealt with in both of these advisory opinions, five-year membership in the bar and extension of the term of county court judges to six years, were changes that were approved by the electorate at the same time as the judge involved was elected to office.

.In Perez v. Marti, 770 So.2d 176 (Fla. 3d DCA 2000), Judge Sorondo, specially concurring, called for the Legislature to adopt specific statutory language to clarify residency requirements for political office. The 2001 election reform package, however, is silent on this topic.

. The oath requires the candidate to attest that "he or she is qualified under the constitution and laws of Florida to hold the judicial office to which he or she desires to be elected or in which he or she desires to be retained.” § 105.031(4)(b), Fla. Stat. (2000).