Dear Mr. Shepard:
On behalf of the City of Maitland City Council, you ask substantially the following question:
In order to avoid a violation of Florida's constitutional dual office-holding prohibition, at what point in time must a person serving in a municipal office resign from that office to become a member of the city council?
According to your letter, the City of Maitland held its general municipal elections on January 29, 2008. Currently, a candidate who is an unsalaried member of the city's planning and zoning commission ran unopposed for an open seat on the city council. Although the election was held in January, you state that the individual will not begin to serve on the city council until he is sworn in on April 23, 2008, at which time he will begin to serve his three-year term. A question has arisen regarding the timing of his resignation from the planning and zoning commission before becoming a member of the city council in order to avoid a violation of the Florida's constitutional dual office-holding prohibition.[1] You therefore ask whether such an individual must resign before the election as he is unopposed, once elected, or when he is sworn into office and begins his term of office as a city council member.
Article II, section 5(a) of the Florida Constitution, provides in pertinent part:
 "No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, taxation and budget reform commission, constitutional convention, or statutory body having only advisory powers."
Thus, as the Florida Supreme Court stated in In re Advisory Opinion tothe Governor — Dual Office-Holding,[2] "article II, section 5(a) of the Florida Constitution prohibits a state, county, or municipal officer from simultaneously holding another state, county, or municipal office." (e.s.)
Although a candidate running for public office may be unopposed, he or she is not considered to be elected until the election has been held.[3] Accordingly, an individual running unopposed for a city council seat would not be required under the constitutional prohibition against dual office-holding to resign his position on the planning and zoning commission prior to the election.
You ask whether the individual must resign from the planning and zoning commission upon being elected, although he will not be sworn in and take office until April 23, 2008. This office is aware that the courts have considered members-elect of boards or commissions to be subject to the Government in the Sunshine Law.[4] Such a conclusion, however, has not been extended to the interpretation of the constitutional dual office-holding prohibition. While the provisions of the Sunshine Law have been liberally construed in favor of open government,[5] it is a generally established principle that the right to hold office is a valuable one which should not be curtailed except by plain provisions of law.[6] Thus, where ambiguity exists in construing provisions limiting the right to hold office, such provisions should be construed in favor of eligibility.
This office is aware that the Division of Elections in the Department of State has advised candidates that eligibility requirements need not be satisfied until the time of taking office unless expressly required otherwise.[7] Such an interpretation appears to be consistent with Florida case law. For example, in State ex rel. Fair v. Adams,[8] the Florida Supreme Court held that an office holder may become a candidate for another office if the term of that office begins before the term of the office which he holds expires; however, he would have to resign his present office before entering upon the duties of the office to which he might be elected. In In re Advisory Opinion to the Governor,[9] the Court held that the bar membership eligibility requirements for judges "refer to eligibility at the time of assuming office and not at the time of qualification or election to office."
According to your letter, the term of office does not begin until April 23, 2008, at which time the individual will be sworn into office and will assume the duties of a member of the city council. In light of the above discussion, this office cannot state that prior to April 23, 2008, the individual is, in fact, simultaneously serving in two offices.
I am, accordingly, of the opinion that the individual who is currently serving as an unsalaried member of the city's planning and zoning commission and who was an
unopposed candidate for the city council on the January 29, 2008 ballot, is not required to resign his position on the planning and zoning commission at the time of his election to the city council on January 29, 2008, but must resign prior to assuming office on
April 23, 2008, at which time he will be sworn in and his city council term will begin.
Sincerely,
Bill McCollum Attorney General
[1] Cf. s. 99.012, Fla. Stat., Florida's Resign to Run Law, which places restrictions on persons running for office while holding an office if the terms or any part thereof run concurrently with each other. Section 99.012(6)(b), however, provides that the statute does not apply to "[p]ersons serving without salary as members of an appointive board or authority."
[2] 630 So. 2d 1055, 1056 (Fla. 1994).
[3] See, e.g., Division of Elections Opinion 78-44 (October 25, 1978) (a candidate without opposition in the general election is not elected for purposes of the Election Code until the date of the general election and may continue to receive campaign contributions). Cf. Op. Att'y Gen. Fla. 98-60 (1998) (candidate is not a member-elect until election has been held).
[4] See Hough v. Stembridge, 278 So. 2d 288, 289 (Fla. 3d DCA 1973), stating that an individual, upon election to public office, loses his or her status as a private individual and acquires a position more akin to that of a public trustee; thus, such individuals as members-elect to a public board or commission are subject to s. 286.011, Fla. Stat. Andsee Op. Att'y Gen. Fla. 74-40 (1974) (members-elect may be liable for "sunshine" violations).
[5] See, e.g., Wood v. Marston, 442 So. 2d 934 (Fla. 1983); Board ofPublic Instruction of Broward County v. Doran, 224 So. 2d 693 (Fla. 1969); Krause v. Reno, 366 So. 2d 1244 (Fla. 3d DCA 1979) ("[i]t is beyond a doubt that [s. 286.011, Fla. Stat.] is to be construed liberally in favor of open government"). And see Town of Palm Beach v.Gradison, 296 So. 2d 473, 477 (Fla. 1974) holding that when in doubt as to the statute's applicability, such doubt should be resolved in favor of openness.
[6] See, e.g., Op. Att'y Gen. Fla. 71-324 (1971). And see Treiman v.Malmquist, 342 So. 2d 972 (Fla. 1977); Ervin v. Collins, 85 So. 2d 852
(Fla. 1956) (statutes and constitutions imposing restrictions upon the right of a person to hold office should receive a liberal construction in favor of the right of the people to exercise freedom of choice in the selection of officers); Vieira v. Slaughter, 318 So. 2d 490 (Fla. 1st DCA 1975), cert. denied, 341 So. 2d 293 (Fla. 1976). See generally 63C Am. Jur. 2d Public Officers and Employees s. 53 (any constitutional or statutory provision which restricts the right to hold office must be strictly construed against ineligibility). Cf. McCutcheon v St.Paul, 216 N.W.2d 137 (Minn. 1974) and Baker v. Hazen, 341 A.2d 707 (Vt. 1975) (if it cannot be clearly demonstrated that one falls within dual office-holding proscription or is in violation of its purpose, he is entitled to be held free of its prohibition).
[7] See, e.g., Division of Elections Opinion 78-31 (August 3, 1978); Division of Elections Opinion 92-10 (June 24, 1992), cited by the Florida Supreme Court in Miller v. Mendez, 804 So. 2d 1243 (Fla. 2001).And see Op. Att'y Gen. Fla. 72-199 (1972) (candidate qualifying to seek the office of state attorney must meet the requirement of five-year membership in The Florida Bar as prescribed in Art. V, s. 17, Fla. Const., on the date upon which, if successful, he will assume the office of state attorney). Cf. Division of Elections Opinion 98-16 (November 16, 1998), in which the division stated that "[t]echnically speaking, one does not `hold' an elected or appointed public office until the term fixed by law begins"; the 1998 opinion which addressed testimonials under s. 111.012, Fla. Stat., was rescinded by the division in Division of Elections Opinion 03-05 (April 3, 2003), on the basis that the division did not have the authority to interpret s. 111.012, which is not a part of the election code.
[8] 139 So. 2d 879 (Fla. 1962). And see Miami Beach v. Richard,173 So. 2d 480 (Fla. 3d DCA 1965) (city council member eligible to become a candidate for the office of mayor and if elected, is eligible to serve in said office upon his resignation as a councilman of the City of Miami Beach at or before the commencement of the term of the office of mayor of the City of Miami Beach).
[9] 192 So. 2d 757, 759 (Fla. 1966).